OVERTON, J.
 

 Plaintiff brought this suit to recover of defendant a balance due on account, amounting to $79.84. The account sued on, and filed with the suit, as the basis of the demand, shows that the amount claimed is for a balance alleged to be due for wood and groceries sold defendant, after deducting certain credits, consisting chiefly of amounts due defendant for hauling wood for plaintiff.
 

 The account sued on shows that plaintiff sold defendant 51 cords of 3-foot wood for $3.50 a cord, and 60 (should be 12) cords of 1-foot oak wood for $5 a cord, the two sales amounting to $239.12. This amount is credited with “difference on cars,” $40, leaving a balance due plaintiff, at that time, of $199.12. The account, at this point, shows thait defendant hauled 172 cords of wood for plaintiff for 90 cents a cord, malting a total due defendant of $154.80 for such hauling, and that plaintiff credited defendant’s account with one-half of this sum, or $77.40. The account does not show what disposition was made of the balance of the $154.80 to which defendant was entitled; but plaintiff testified that that balance was paid to defendant, in cash, to enable him to live. Thereafter, according to the account sued on, defendant hauled 26 cords of wood for plaintiff for $1 a cord, for which plaintiff gave him credit for $26. This credit, added to the other credit for hauling wood, of $77.40, made a total credit for such hauling of $103.40, for which the account, sued on, gives defendant credit. This credit of $103.40, deducted from the $199.12, balance due plaintiff for the sale of wood, left, • according to the account, a balance of $95.72 due by defendant. The account shows that plaintiff is here given at his request a credit of 72 cents, to make the amount due by him “even money,” thus leaving a balance due by him on June 27, 1922, of $95. At this point the account shows that plaintiff sold defendant merchandise amounting to $28.45, which added to the balance due by defendant of $95 made the amount due by him $123.45. At this point, the account again credits defendant, for hauling wood for plaintiff, this time in the sum of $43.61 which, when deducted from the balance of $123.56, then due by defendant, leaves a balance of $79.84, which is the balance sued for by plaintiff.
 

 The foregoing demand was made, not by petition and citation, but merely by citation; as authorized by section 37 of article 7 of the Constitution, and Act 47 of 1922. Defendant, for answer to it, filed, first, a general denial; secondly, a plea of prescription of three years against the two items, aggregating $239.12, for wood, shown by the account to have been sold him by plaintiff, and thirdly, a reconventional demand. This reconventional demand is made up of the several’ items for-hauling wood with which plaintiff credited defendant in the account sued on, with two exceptions, which affect only the amount of two items. One of these exceptions is that defendant asks for judgment for the entire item of $154.80 for hauling the first wood hauled, appearing ,on the account, in-< stead of one-half of that item, as allowed by plaintiff, thereby refusing to recognize
 
 *523
 
 that plaintiff paid him, in cash, the remaining half of that item. The second exception is that defendant claims $4 more for the last wood hauled than is allowed hy plaintiff. The total-amount that defendant claims for hauling wood is $228.41. He concedes, however, that plaintiff is entitled to a credit of $28.45 for merchandise, charged by the latter against him, and sues plaintiff, in reconvention, for the balance remaining of $199.66.
 

 From the foregoing, it appears that defendant’s position is that he did not purchase the wood from plaintiff; that, if it be held that he did, the indebtedness arising from the purchase is prescribed; that he has been paid nothing for his services in hauling; and that plaintiff has no right to defeat his claim for-hauling by crediting it against a claim that never had any existence, and which, if it ever did, was prescribed.
 

 The district court rendered judgment for plaintiff for the amount sued for, and rejected defendant’s reconventional demand. An appeal was taken by defendant to the Court of Appeal, where the judgment of the lower óourt was affirmed. On appeal, the court refused to pass upon the plea of prescription, filed by defendant^ and, as we appreciate the ruling, in effect, refused to consider whether plaintiff had sold any wood to defendant, the court saying:
 

 “It cannot be determined from the order of appeal nor from the appeal bond, whether the appeal is from the judgment in favor of the plaintiff on account of the cord wood, or whether it is from the judgment rejecting defendant’s demand in reconvention. We solve the question in favor of the defendant, that the appeal is from the judgment which rejects his demand in reconvention. As the lower court did not rule on the plea of prescription, and as that plea was directed against plaintiff’s demand, on account of cord wood, the appeal does not bring up that question for review.”
 

 The court then, after having properly considered as abandoned an objection made to hearing any evidence on the reconventional demand, disposed of that demand as follows:
 

 “Supposing the objection to have been abandoned, the burden of proof was on defendant to establish his demand (referring to the reconventional demand). He testifies that the amount is due him for hauling wood. The plaintiff testifies that he has paid the defendant all he ever owed him for hauling.”
 

 The court then, after pointing out that there was nothing in certain correspondence between the litigants herein indicating the existence of any indebtedness on the part of plaintiff to defendant, affirmed the judgment of the lower court. The court in disposing of the appeal carefully refrained, so far as appears, from passing upon whether defendant ever owed plaintiff any part of the account for wood purchased, and, if so, whether the plea of prescription filed by defendant is well founded.
 

 Defendant assigns in this court as erroneous the foregoing rulings made by the Court of Appeal.
 

 So far as relates as to whether the appeal was from the judgment on the main demand or from the judgment on the reconventional demand, the order of appeal, as well as the bond, is sufficient, in form, to make the appeal one from the entire judgment, that is, from the judgment on both the main and reconventional demands. The order of appeal, so far as pertinent, is as follows:
 

 “It is ordered that a devolutive appeal be and is hereby granted to Lawrence A. Cousin, defendant in the suit entitled C. H. Culbertson v. Lawrence A. Cousin, No. 4,600, of the docket of this court, from the judgment in favor of the said plaintiff, C. H. Culbertson, and against him for the sum of $79.84, rejecting the reconventional demand of the said defendant, Lawrence A. Cousin, filed in said suit. * * * ”
 

 So far as relates to the bond, it suffices to
 
 *525
 
 say that the appeal is there described in terms equally as broad as in the order of appeal. The appeal is there designated as one from a final judgment rendered against defendant in the suit of O. Harry Culbertson v. Lawrence A. Cousin, No. 4600 of the Twenty-Second judicial district court for the parish of St. Tammany.
 

 However, although the appeal is sufficient, in form, to cover the judgment on both demands, nevertheless it does not follow that the Court of Appeal had the right, as seems to be assumed by defendant that it did have, to consider the main demand, or anything in it, for the reason that the balance alleged to be due, which constitutes that demand, is below the jurisdiction of that court, as it is for less than $100, and for a claim, not within the exclusive original jurisdiction of the district court. Const, art. 7,1 29. But, before we hold that the Court of Appeal was without right to review the main demand, and therefore properly refrained from doing so, it is necessary to examine section 1 of article 7 of the Constitution. That section reads, so far as pertinent, that:
 

 “In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand.”
 

 Here the Court of Appeal unquestionably had jurisdiction of the reconventional demand. But the question is, In a case where the main demand is for an unappealable amount, has the appellate court the right to inquire into the verity of that demand, in a case where, unless the judgment on the main demand be reversed, the reconventional demand, which is appealable, cannot be allowed in whole or in part? Our answer is that the appellate court, even in such a case, which is the present ease, cannot make such inquiry, and disturb the judgment on the main demand. It is true that in such cases this view makes the right of appeal from the judgment on the reconventional demand of but little or no value. But the Constitution, as appears from the foregoing quotation therefrom, seems to be clear to the effect that, where the main demand is for an unappealable amount and the reconventional demand is for an appealable amount, the right of appeal exists only on the reconventional demand. This means that the judgment on the main demand cannot be disturbed by the appellate court.
 

 In the case at bar, when the trial court found that plaintiff was entitled to the balance sued for by him, it necessarily found that plaintiff sold defendant the wood, shown on the account, which defendant denies that he purchased, for in no other way could the court have arrived at the balance for which it rendered judgment against defendant. That issue, since the main demand was not appeal-able, 'was foreclosed by that judgment. Defendant could not resurrect it thereafter by appealing, even from both demands, no appeal having lain from the judgment on the main demand, nor could he resurrect the issue by appealing from the reconventional demand, since the appeal on that demand did not, and could not, take up for review a judgment on a main demand, which the Constitution declares to be unappealable.
 

 The Court of Appeal did not err in rejecting the reconventional demand. A mere reference to the main demand shows that the items constituting the reconventional demand have been fully satisfied by their allowance as credits against the indebtedness, involved in the main demand, with two exceptions. One of these is that defendant was allowed credit on the main’ demand for only $77.40
 
 *527
 
 on an item for hauling wood, whereas in his reconventional demand he claims the entire item. The uncontradicted evidence of plaintiff shows that defendant was paid the balance of that item when the credit was given. The second exception is that, for the last hauling done, defendant claims $4 more than plaintiff has allowed him. The evidence, however, does not establish this extra charge.
 

 For the foregoing reasons it appears that, while we are not in accord with the reasons assigned by the Court of Appeal for refusing to inquire into the correctness of the main demand, and to pass upon the plea of prescription filed against the indebtedness constituting that demand, still we think, for reasons pertaining to jurisdiction, that the court properly refrained from inquiring into or passing upon' either the correctness of the main demand or the plea of prescription.
 

 For the reasons assigned, the judgment under review is affirmed.
 

 O’NIELL, O. J., concurs in the decree.