This is a suit for the cancellation of an oil and gas lease, coupled with a demand for money damages and attorney's fees. The demand for damages and attorney's fees has been eliminated from the case *Page 1077 
and relegated to a subsequent, independent suit by the following agreement:
"In this case it is agreed that the right of plaintiff to recover attorneys' fees and the question of damages to plaintiff by reason of the refusal of the defendant to execute an instrument canceling the lease, as set forth in paragraph six of plaintiff's petition, shall be relegated to a later action in event that plaintiff is successful in obtaining a judgment declaring the lease canceled and plaintiff's rights to such damages shall be reserved in such judgment."
The foregoing agreement effectually expunges from plaintiff's petition the demand for damages and attorney's fees contained therein, and leaves nothing for the court's consideration except the alleged expiration of the lease for the nonpayment of the agreed rental.
The case is submitted on the following statement of facts:
"On December 21st, 1925, the plaintiff, A.A. Le Rosen, granted to A.D. Mading an oil and gas lease affecting:
"The East half of the West half of the Northwest Quarter (E. 1/2 of W. 1/2 of N.W. 1/4) Section Fifteen (15) West, Caddo Parish, Louisiana, as shown by copy of said lease hereto annexed and made part of this statement. Mading subsequently assigned the lease to the North Central Texas Oil Company, the defendant herein. The provisions of the lease speak for themselves.
"At the time of granting the lease A.A. Le Rosen was married to Louise Le Doux, with whom he is still living. The property leased by Le Rosen is owned by the community existing between himself and his wife.
"No drilling operations have ever been begun on the property. On November 27, 1926, the defendant deposited in the American National Bank of Shreveport, Louisiana, *Page 1078 
to the joint credit of plaintiff and his wife, Louise Le Doux, the sum of Forty ($40.00) Dollars; and on or about November 23rd, 1926, the defendant mailed the plaintiff a notice to the effect that such deposit had been made to the credit of plaintiff and his wife. On or about November 27th, 1926, the American National Bank, likewise notified plaintiff of the joint deposit to the credit of himself and his wife. No payment to plaintiff other than this deposit has been made."
The lease which is annexed to the foregoing statement of facts contains the following provision:
"If no well be commenced on said land on or before the 21st day of December, 1926, this lease shall be terminated as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the American National Bank at Shreveport, Louisiana, which bank and its successors are the lessor's agent and which shall continue as the depository regardless of changes in the ownership of said land, the sum of Forty ($40.00) Dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."
Defendant contends that its timely joint deposit, in the bank designated, of $40, to the credit of the lessor and his wife, is a sufficient compliance with the foregoing provision of the lease and, in the alternative, pleads estoppel. The case was tried on these issues, and, from a judgment decreeing the expiration of the lease and reserving to plaintiff his right to sue for damages and attorney's fees, the defendant appealed to this court.
The initial price paid for the lease was $300, and it is stipulated in the agreement that, if a well is not commenced on the leased land before December 21, 1926, the lease shall terminate, unless the lessee shall, on or before that date, pay to the lessor, or deposit to *Page 1079 
the lessor's credit, in the American National Bank of Shreveport, $40. The lease also provides that the timely payment or deposit of said sum as aforesaid, from year to year, will operate to extend the lease for a term of five years. There is no allegation in the pleadings, and nothing elsewhere in the record, to indicate that the lease has a greater value than the sum stated, the total of which is $500.
The appellate jurisdiction of this court, in suits such as the one before us, is fixed by article 7, § 10, of the Constitution of 1921, and is limited to "suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest." Section 29 of article 7 of the Constitution of 1921 fixes the appellate jurisdiction of the Courts of Appeal. The section is, in part, as follows:
"The Courts of Appeal, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved," etc.
The district court of Caddo parish had exclusive original jurisdiction of this case and the value of the lease being less than $2,000; the Court of Appeal, alone, has jurisdiction of the appeal. Godchaux v. Stille, on rehearing ante, p. 1, 118 So. 481.
For the reasons stated, it is ordered that this appeal be transferred to the Court of Appeal, Second circuit, upon the appellant filing the transcript in that court within 30 days from the date this order is handed down, and it is, ex proprio motu, decreed that, upon appellant's failure to do so, the appeal shall be dismissed; appellant to pay the costs of this court. *Page 1080 
O'NIELL, C.J., dissenting, is of opinion that this court has jurisdiction because the plaintiff alleges in his petition which is sworn to that he can lease the property for $3,000, which is the same as to say that the mineral rights are worth at least $3,000.