### DESHOTEL v. SIMMONS et al.
### No. 1195.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

C. A. Blanchard, of Morgan City, for appellants.

C. Arthur Provost, of New Iberia, for appellee.

MOUTON, Judge.

This suit for less than $100 was brought by citation under the provisions of Act No. 47 of 1922.

The claim is for damages caused by a collision between two automobiles.

The defendants reconvened in the suit, claiming that the collision was due entirely to the fault or negligence of plaintiff, and that they were entitled to recover the sum of $111.95 against plaintiff for damages to their car.

The court below rendered judgment in favor of plaintiff for $59.50 and rejected the reconventional demand.

Defendants appeal, and plaintiff, answering the appeal, is asking for an increase in the judgment rendered in his favor.

The evidence shows that defendants left Morgan City about 4 in the afternoon, drove through Jeannerette and New Iberia to Abbeville, where they drove around for a short while, and from there proceeded on their way back to New Iberia, met plaintiff, who was driving to Abbeville, when the collision occurred at about 10 o'clock at night.

Mr. Jules Deshotel, plaintiff, was driving his car, and had as companion Mr. O. H. Deshotel, his cousin.

The other car belonged to Mr. Simmons, one of the defendants, but was being driven at the time of the collision by Mr. Lambert, who had left Morgan City that evening with Mr. Simmons.

Mr. Jules Deshotel and Mr. O. H. Deshotel both say they were driving on their right side of the pavement and near the edge when the collision occurred and were then going at about 30 or 35 miles an hour.

The testimony of Messrs. Simmons and Lambert is also that they were driving at about the same rate of speed on the right side of the roadway and near the edge of the pavement when the cars collided.

Mr. Jules Deshotel testifies that, due to the impact, the tires of his car had rubbed the pavement and had left marks two or three inches from the pavement and shattered glass on the side of the roadway where he was driving when the collision occurred.

Mr. O. H. Deshotel, who was in the plaintiff's car, testifies that there were skid marks of the wheels at the point of contact and were seen where the plaintiff's car had left the pavement, that there was some broken glass on the side of the road where plaintiff was driving, and that defendant's car had run into plaintiff's car.

Mr. L. P. Broussard, who came up to the scene of the accident soon after it had happened, and not interested in the outcome of this suit, was asked if there was anything on the pavement where the impact had taken place, and said: "Well, that glass, tire marks, and shattered running board—you know—wood, that was split. Laying there right at the point of collision."

The testimony of plaintiff and of Mr. O. H. Deshotel and that of Mr. Broussard, a disinterested witness, shows that these marks on and near the pavement and the remnants of broken glass, split wood, were found immediately after the accident on the side of the pavement where plaintiff was driving at the time of the accident.

Such being the testimony of these witnesses, corroborated as it is by the physical facts to which we have referred, it would be neither logical nor reasonable to accept the testimony of Mr. Simmons and Mr. Lambert, defendants, to the effect that at the time of the collision they were traveling on their right side of the highway. The preponderance of the evidence is against their version of what occurred at that time.

It is also testified to by plaintiff, Mr. O. H. Deshotel and Mr. Broussard, that, as there was a smell of liquor on defendants' breath, and as one staggered when he came out of the auto, defendants were under the influence of liquor at the time of the collision.

Defendants deny that they were drinking. Mr. Simmons testifies on this issue, also Mr. Lambert, that they had each taken one drink of whisky at Morgan City before leaving for the trip which finally led them to Abbeville. They left Morgan City, it is shown, at 4 in the afternoon, and that the collision occurred the same night at about 10 o'clock, on their way back to Morgan City. It also appears, from the testimony of defendants, that at Jeannerette, or somewhere between Morgan City and Abbeville, they had taken a drink of Coca-Cola and coffee. Notwithstanding this refreshing Coca-Cola drink and coffee, plaintiff, Mr. O. H. Deshotel, and Mr. Broussard testify that defendants had the scent of liquor on their breath when they met at the scene of the accident. More than six hours had intervened between the time Mr. Simmons says they had taken one drink at Morgan City to the time of the collision. It is known that the scent from a drink of whisky will remain for a while on one's breath, but that it should linger there during an interval of more than six hours after it is taken—particularly when it has been dissipated with coffee and Coca-Cola—is perhaps possible but hardly believable. It seems also incredible that one of the defendants would have staggered as he came out of his auto, had he taken just one drink more than six hours before the accident. One drink of whisky could not have had such an effect.

Defendants say that they had left Morgan City on a joy ride, which, the record shows, was on January 1, 1932. We all know of the exhilarating effects of the New Year on the ordinary individual and of his natural inclination, after taking one intoxicating drink, to add one perhaps a few more. With the evidence about the condition of defendants, above referred to, we think it is justifiable to infer that they had taken more than one drink on that joy ride, which was probably the cause of their running across the pavement into plaintiff's car.

Whether such was the cause or not, the preponderance of the evidence shows on the issue presented on the reconventional demand

of which only we have jurisdiction that defendants were at fault in colliding with plaintiff's car and that their claim for damages in reconvention was properly denied.

Plaintiff is asking that the judgment rendered in his favor for $59.50 be increased.

■ We have jurisdiction in this case on the reconventional demand which is in excess of $100, but none on the main demand of plaintiff which is below that amount, and therefore under the lower jurisdictional limit of this court; hence we cannot disturb the judgment rendered on the main demand herein. Culbertson v. Cousin, 167 La. 520, 119 So. 535.

Judgment affirmed.