## WARREN et al. v. CREEL (BARBER, Warrantor).

### No. 2024.

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

M. I. Varnado, of Bogalusa, for appellant.

Ott & Johnson, of Franklinton, for appellees.

LE BLANC, Judge.

This suit originated as one for damages for trespass by cutting pine timber on land described as being the S. W. ¼ of the N. E. ¼ of Section 3 T. 1 S. R. 11 East, St. Helena Meridian in the Parish of Washington, of which the plaintiffs J. E. Warren and Freddie Warren Duffy claim to be the owners. The demand against the defendant, Wiley Creel, was for the sum of $41.30.

Defendant admits cutting the timber but avers that he paid the market price to one Cleve Barber, from whom he had purchased it and who had warranted that he owned it and the land on which it stood. He accordingly called Barber in warranty and asked that he recover against him any judgment that might be rendered in favor of the plaintiffs.

Barber answered the call in warranty, setting out his ownership and possession of the property. He alleges at length the transactions leading to the way in which the record title to the property is now found in the name of the deceased father of the plaintiffs. He attacks the deed purporting to show that it is a sale of the property on three grounds, viz.: (1) Failure of consideration; (2) failure of consent and (3) mistake on his part as to the nature of the

instrument. He then reconvenes against the plaintiffs and asks that the deed be declared null and void and the same erased from the conveyance records of the Parish.

The case was tried in the district court on these issues on the merits and judgment rendered non-suiting plaintiffs on their demand against the defendant Creel and also rejecting the reconventional demand in the answer of the warrantor as in case of non-suit. The warrantor has taken this appeal.

We now find counsel for plaintiffs conceding in brief that the judgment of non-suit against their clients on the demand made against Creel was proper and we take it therefore that Creel is no longer interested in the suit or in the appeal.

There was some question raised as to the jurisdiction of this Court but we are of the opinion that the demand in reconvention which is the only matter now involved on the appeal is properly presented to this court. In fact, under the decision in Culbertson v. Cousin, 167 La. 520, 119 So. 535, that is the only matter which can now be presented before this court.

Counsel for plaintiffs now contend that as a matter of practice, the warrantor could not couple a reconventional demand with his answer to the call made on him as the right to present such demand belongs exclusively to a defendant in the suit. It strikes us that it is now too late for counsel to urge such complaint. Objection should have been made to the procedure before going to trial on the merits of the demand. No objection appears to have been made to the form of procedure and plaintiffs must now be held to have waived whatever rights they may have had in that respect. Counsel have cited no authority to support their complaint however and for our part we do not see why one called in warranty to defend an action the same as, or in place of, the original defendant, cannot plead in reconvention the same as can that defendant.

On the merits of the reconventional demand we find the proof necessary to set aside a notarial act of sale such as appears of record in this case to be insufficient. This is especially so in view of the fact that the purchaser in that deed is a person now deceased and the proof offered by the warrantor involves transactions between them covering a period of several years. The manner in which warrantor complains about the transaction at least implies some fraud on the part of the other party to the act of sale but the record fails to disclose any. It hardly seems possible that the transfer of the property in the form in which it was made by notarial act, could have been the result of mistake or error only. Plaintiffs have shown in some measure, some consideration to support the sale. The only thing in warrantor's favor is the testimony with regard to a part of the consideration probably being the payment by the purchaser of a fine assessed against the warrantor on a charge which the record shows was made against him a year after the date of the sale. This most probably was a consideration which influenced the district judge in rendering a judgment of non-suit which we think was proper.

Counsel for warrantor has not pointed out any manifest error in the judgment appealed from and we are unable to find any ourselves.

For the foregoing reasons the judgment stands affirmed, appellant to pay all costs.