## ELKINS v. LENTS.

No. 6013.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 1, 1939.

M. C. Redmond, of Monroe, for appellant.

W. Decker Moore, of Monroe, for appellee.

TALIAFERRO, Judge.

Defendant appealed from judgment in this, an ejectment proceeding, ordering him to deliver to plaintiff possession of the house and tract of land described in written contract of lease between them.

Plaintiff, appellee, moves to dismiss the appeal on the alleged ground that this Court is without jurisdiction ratione materiae.

The motion is well founded.

The lease in question was by the month and stipulates that the lessee shall pay to the lessor Five ($5) Dollars per month in advance. It is terminable at the will of either party by the giving of ten days' written notice. At the time this suit was instituted, the lessee, appellant, was in arrears for ten months' rent. However, there is no demand for a money judgment herein. It appears that suit to recover past due rent was instituted by plaintiff in the City Court of the City of West Monroe, Louisiana, prior to the filing of the present suit.

The appellate jurisdiction of the Courts of Appeal of this state is laid down in Sec. 29 of Art. VII of the Constitution, which, so far as needful to the issue here, reads as follows:

"The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, *have exclusive original jurisdiction, regardless of the amount involved,* * * *."

See LeRosen v. North Central Texas Oil Co., Inc., 167 La. 1076, 120 So. 862.

Therefore, the question raised by the motion pivots upon whether or not the District Court had exclusive original jurisdiction of the present ejectment suit as no money amount is sued for, nor is such directly involved.

Defining the jurisdiction of the District Courts, Sec. 35 of Art. VII of the Constitution, inter alia, provides:

"The District Courts, except in the parish of Orleans, shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; * * * *and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution.*"

Now, Act No. 59 of the Legislature of the year 1930, creating the City Court of West Monroe and fixing its territorial jurisdiction to embrace all of Ward 5 of Ouachita Parish, wherein the leased premises are located, in Section 1, declares as follows, to-wit:

"* * * there shall be, and is by this Act established a city court, to be known as the City Court of West Monroe, which shall have within said ward civil jurisdiction concurrent with the District Courts of this State in all civil matters, where the amount in dispute or value of the movable property involved does not exceed Three Hundred and No/100 ($300.00) Dollars, exclusive of interest, including suits for possession or ownership of movable property not exceeding said sum in value, *and in suits by landlords for the possession of the leased premises where the monthly or yearly rent, or the rent for the unexpired term does not exceed said amount.*"

It is clearly disclosed from this legislative enactment that jurisdiction ratione materiae of the present case was vested concurrently in both the District Court, wherein filed, and the City Court of West Monroe. The amount of monthly or yearly rental stipulated in the lease contract, is determinative of the City Court's jurisdiction; not the value of the leased property nor the value of the right of possession thereto.

The District Courts of the State have exclusive original jurisdiction of all cases "where no specific amount is in contest, except as may otherwise be provided" in the Constitution. There is no specific

amount involved herein. The possession of real estate only is in contest, and, but for the provisions of Act 59 of 1930, above quoted, and Sec. 48 of Art. VII of the Constitution, which said Act follows, the District Court alone would have had original jurisdiction of the subject matter. The provision, "except as may be otherwise provided", takes care of the situation with which we are presented.

Therefore, as the District Court did not have exclusive original jurisdiction of this cause, and a specific amount in excess of One Hundred ($100) Dollars not being involved, no appeal lies to this Court from the judgment of the Court a quo.

For said reasons, the motion to dismiss is sustained and this appeal is now dismissed at appellant's cost.