This is a suit in which plaintiff seeks to recover possession of premises leased to the defendant.
Plaintiff, Mrs. Cecile Childs, claims to be the owner of certain premises located in the City of Shreveport, Caddo Parish, Louisiana, at municipal numbers 640 and 642 Kirby Place. The defendant, Mrs. Albert C. Jones, is represented as being in possession of the housing accommodations located at municipal number 640 Kirby Place, as the tenant of plaintiff under a verbal month-to-month lease extending from the 7th day of one month through the 6th day of the succeeding month. On October 20, 1944, plaintiff made written demand upon defendant, lessee, by registered mail, to vacate the premises occupied by said lessee on or before the 6th day of November, 1944. Upon the failure of the lessee to comply with plaintiff's demand, this suit was instituted on November 13, 1944, by summary process. Plaintiff prayed that the defendant be cited to show cause why judgment should not be rendered condemning defendant to vacate the premises and to deliver possession of same to plaintiff, and further prayed, in the event of failure of defendant to comply with such judgment within twenty-four hours, that a writ of possession issue commanding the Sheriff of Caddo Parish to eject the defendant from the premises, and to place plaintiff in full possession thereof.
Numerous exceptions were filed on behalf of defendant, all of which were overruled, and after trial of the rule to show cause, there was judgment in favor of plaintiff as prayed for, from which judgment defendant appealed.
Plaintiff has filed a motion to dismiss this appeal on the ground that this Court is without jurisdiction ratione materiae. The reasons for lack of appellate jurisdiction in this Court are set forth as being, first, that the case was not within the exclusive original jurisdiction of the District Court, and, second, that no specific amount in money is involved.
Section 29 of Article 7 of the constitution fixes the appellate jurisdiction of this Court as extending to all cases "civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest * * *."
Since it is evident that there is no monetary demand involved in the instant case, this Court is without jurisdiction unless the District Court had exclusive original jurisdiction of this action for possession of leased premises. Under the provisions of Section 1 of Act No. 28 of the extra-session of 1921, as amended by Section 1 of Act No. 46 of 1936, civil jurisdiction of the City Court of the City of Shreveport specifically includes "suits of landlords for the possession of leased premises, where *Page 642 
the monthly or yearly rental for the unexpired term of the lease does not exceed said amount." (The amount referred to is $500.)
As the facts show that the lease under consideration in this case was from month-to-month, at a monthly rental of $32.50, it follows that the City Court of the City of Shreveport and the First Judicial District Court of Caddo Parish, Louisiana, had concurrent jurisdiction.
Almost the same question before us was considered in the case of Elkins v. Lents, La. App., 192 So. 772, in which this Court held that it was without jurisdiction to consider an action in ejectment for possession of leased premises which had been instituted in the District Court.
In this case, there being no monetary demand, and original jurisdiction being vested concurrently in the City Court and the First District Court, we are without jurisdiction ratione materiae.
Accordingly, the motion to dismiss the appeal is sustained, and there is judgment dismissing the appeal at appellant's cost.