25 So.2d 281
**CHILDS v. JONES.**

No. 37861.

Feb. 11, 1946.

Love & Bailey, of Shreveport, for defendant and relator.

Hunter & Fitzgerald, of Shreveport, for respondent.

O'NIELL, Chief Justice.

The owner of a residence in Shreveport rented it to a tenant at $32.50 per

month under a verbal contract extending from month to month. The owner, intending to occupy the residence herself, made demand upon the tenant to vacate the premises, and, with the permission of the federal authorities, in due course, brought this summary proceeding in the district court to evict the tenant. She filed several exceptions and reserving the benefit of them filed an answer to the suit. The judge overruled the exceptions and after a hearing of the case on its merits gave judgment for the plaintiff ordering the tenant to vacate the premises. The tenant appealed to the court of appeal, and in that court the plaintiff filed a motion to dismiss the appeal for want of appellate jurisdiction. The court of appeal sustained the motion. The defendant has brought the matter here on a writ of certiorari or review.

According to Section 29 of Article VII of the Constitution the courts of appeal have appellate jurisdiction in all cases in which the district courts throughout the state and the civil district court in New Orleans have exclusive original jurisdiction regardless of the amount involved and in cases in which they have original jurisdiction concurrent with that of another court in cases where the amount involved exceeds $100, exclusive of interest, and where the supreme court is not given appellate jurisdiction.

According to Section 35 of Article VII of the Constitution the district courts in the parishes other than the Parish of Orleans have original jurisdiction in all civil matters regardless of the amount in

dispute or the fund to be distributed, which jurisdiction, however, is concurrent with that of the justices of the peace where the matter in dispute or the fund to be distributed is less than $100 exclusive of interest. The original jurisdiction of the district courts extends also to all cases where no specific amount is in contest.

The jurisdiction of the district courts, however, according to Section 48 of Article VII of the Constitution, in cases where no specific amount is in contest, is concurrent with that of the justices of the peace throughout the state,—or with that of a city court where one has been established instead of a justice of the peace,—in all suits by landlords for possession of leased premises where the monthly or yearly rent for the unexpired term of the lease does not exceed $100. This section of Article VII of the Constitution declares that justices of the peace shall have concurrent jurisdiction with that of the district courts in suits by landlords for the possession of leased premises where the monthly or yearly rent or the rent for the unexpired term of the lease does not exceed $100.

Section 51 of Article VII of the Constitution authorizes the Legislature to abolish the courts of justices of the peace in wards embracing a parish seat or containing a certain minimum population, and, under certain conditions, to create city courts in their stead. The same authority was vested in the Legislature by Article 96 of the Constitution of 1898 and of the Constitution of 1913. Under that authority the Legislature, by Act No. 103 of 1898, abolished the office of justice of the peace in the Fourth Ward of the Parish of Caddo, embracing the City of Shreveport, and created the City Court of the City of Shreveport, with jurisdiction similar to that of justices of the peace, which included, of course, suits by landlords for the possession of leased premises where the monthly or yearly rent or the rent for the unexpired term of the lease did not exceed $100.

By Act No. 28 of the Extra Session of 1921, putting into effect Section 51 of Article VII of the Constitution of that year, the Legislature defined the jurisdiction of the City Court of the City of Shreveport, and specifically included therein suits by landlords for the possession of leased premises where the monthly or yearly rental for the unexpired term of the lease did not exceed $300. And by Act No. 46 of 1936 the jurisdiction of the City Court of the City of Shreveport was increased so as to include suits by landlords for the possession of leased premises where the monthly or yearly rental for the unexpired term of the lease does not exceed $500.

It is obvious therefore that the district court in Shreveport, where this suit originated, did not have exclusive original jurisdiction in this case,—its jurisdiction being concurrent with that of the City Court of the City of Shreveport. It is obvious also that inasmuch as the plaintiff did not sue for any unpaid rent, or for anything other than to evict the tenant from the leased premises, the court of ap-

peal did not have appellate jurisdiction, because, according to Section 29 of Article VII of the Constitution, it is only in cases where the district court has exclusive original jurisdiction regardless of the amount involved, or in cases where the district court has concurrent jurisdiction and where an amount exceeding $100 exclusive of interest is involved, that the courts of appeal have appellate jurisdiction. As there is no demand for unpaid rent or for anything other than for possession of the leased premises in this case, it cannot be said that an amount exceeding $100 is in contest. Nor can it be said that the district court had exclusive original jurisdiction.

The judgment of the court of appeal dismissing the appeal for want of jurisdiction is supported by the decision rendered by that court in Elkins v. Lents, La.App., 192 So. 772:

The judgment is affirmed at the cost of the relator.