This is an ejectment suit wherein the plaintiff seeks to evict the defendant from part of a brick building in Houma. It is alleged that the defendant occupies the premises under a month to month lease at the rental of $35 per month; that due notice was served on the defendant to vacate the premises, and he refuses to do so. The defendant set up a special defense, alleging that he entered into a verbal agreement with plaintiff for a lease of these premises for a period of five years from July 1, 1945.
The trial judge rendered a judgment dismissing plaintiffs rule, and decreed that the defendant had a lease on the premises for a period of five years from July 1, 1945, at the monthly rental of $35.
The plaintiff asked for and was granted an appeal to this court from the judgment, and the defendant has filed a motion in this court to dismiss the appeal for lack of jurisdiction ratione materiae.
 Motion to Dismiss.
The motion to dismiss is based on the ground that this court has no jurisdiction of the appeal for the reason that the district court of Terrebonne Parish where the ejectment suit was filed did not have exclusive jurisdiction of the proceeding. Section 29, Article 7, of the Constitution gives this court appellate jurisdiction in all civil and probate cases of which the district courts have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred *Page 160 
dollars, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in the Constitution.
[1] Sections 49 and 51 of Article 7 of the Constitution give justice of the peace and city courts concurrent jurisdiction with the district courts in suits by landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed one hundred dollars. In this case, the monthly rent is alleged to be $35, and the lease is alleged to be from month to month, with no claim for any past due rent. It is therefore clear that the City Court of Houma had concurrent jurisdiction with the district court of this proceeding, and the suit could have been filed in the City Court as the monthly rental was only $35. As the district court did not have exclusive jurisdiction of the proceeding, under the provisions of the Constitution conferring appellate jurisdiction on the Courts of Appeal, this court has no jurisdiction over the ejectment proceeding. Elkins v. Lents, La. App., 192 So. 772; Childs v. Jones, La. App., 24 So.2d 641; Id., La.Sup., 25 So.2d 281, and Lopez v. Davidson, La. App., 26 So.2d 163, this day decided by this court.
It is contended by plaintiff that since the defendant set up as a defense the claim of a five year verbal lease, and as the unexpired portion of that lease involves the sum of $35 per month for 54 months, a total of $1890, the district court had exclusive jurisdiction of the case, citing Revised Statutes § 2156, Dart's Stat. 6598, and the case of Dreyfus et al. v. Process Oil Fuel Co., 140 La. 50, 72 So. 805. The cited section of the Revised Statutes provides that whenever the monthly or yearly rent paid by the tenant, or the lease which he shall allege to hold, shall exceed the sum of one hundred dollars, the summary proceeding to eject the tenant shall be instituted and carried on before any parish or district court having competent jurisdiction. Both the constitutional and the statutory provisions conferring jurisdiction in ejectment suits provide as a basis for determining jurisdiction in such a proceeding the monthly or yearly rent, or the rent for the unexpired term of the lease.
In the present Case, both the plaintiff and the defendant take the position that the amount of the rent is fixed at $35 per month, the plaintiff claiming that the defendant occupied the premises on a month to month basis, while the defendant admits that he occupies the property on a monthly basis of $35 per month, but he claims that he has a right to retain the premises for 54 more months. Neither party claims that the rent is now or ever has been based on an annual rental exceeding $100. In the case of Dreyfus et al. v. Process Oil Fuel Co., supra, the lease was on an annual basis and the annual rent exceeded the jurisdiction of the City Court, the court holding that the payment of the annual rent monthly did not keep the rent from being an annual rental, the amount involved thus bringing the case within the exclusive jurisdiction of the district court.
The jurisdiction of the present case on the main demand was concurrent in the district court and the city court, and this court has no jurisdiction of the main demand.
However, the defendant in his answer set up a special defense claiming that he has a lease on the premises for five years by reason of a verbal agreement entered into with plaintiff. The judgment recognized this lease, and decreed that the defendant has a lease on the premises for a period of five years from July 1, 1945, at $35 per month. The rent had been paid to January 1, 1946, and there remains a period of 54 months for this verbal lease to run at the rate of $35 per month, making the amount involved for this unexpired term the sum of $1890, an amount within the jurisdiction of this court. This special defense is in the nature of an incidental demand set up by the defendant. Article 7, Section 1, of the Constitution provides that if there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand.
[2] This court has jurisdiction of the incidental or reconventional demand wherein plaintiff is seeking relief from a judgment binding him to a lease of the premises for 54 months at $35 per month. There *Page 161 
is nothing to prevent this court from considering this incidental demand without considering or disturbing the main demand which is unappealable. Our inquiry will therefore be restricted to the correctness vel non of that part of the judgment which decreed the defendant to have a verbal lease on the premises for a period of 54 months at the rate of $35 per month. Culbertson v. Cousin, 167 La. 520, 119 So. 535; Cavin v. Camus, La. App., 164 So. 645.
 Incidental Demand.
Plaintiff purchased the building in which the leased premises in question are located in the middle of June, 1945. The defendant had been occupying the premises for some time under a lease from the former owner from month to month at a rental of $35 per month. Defendant operated a shoe repair shop in the premises, and when he learned that plaintiff had purchased the building, he contacted plaintiff with a view of ascertaining where he stood on the lease of the premises. Defendant claims that plaintiff led him to believe that there was no reason for him to worry; that after a few discussions between them, plaintiff agreed to let him have the shoe shop and an adjoining apartment for $60 per month for five years; that by mutual consent, the other apartment was released from the agreement and leased by plaintiff to another, and defendant continued to pay $35 per month for his shoe repair shop.
Defendant claims that this verbal agreement with plaintiff for a five year lease was entered into in the latter part of June, 1945. Defendant relies on his own testimony and that of his brother, Leo Pizzolatto, and Ernest Brunet to establish the contract of lease for five years, and it therefore becomes necessary to review briefly the testimony of these three witnesses.
Defendant says that several discussions were had with plaintiff soon after the latter bought the building, and terms were mentioned; that plaintiff discussed with him a five year lease, and finally on one occasion plaintiff was in his shop discussing the lease and went into an adjoining shop operated by Brunet as a barber shop to talk to Brunet about a lease on the barber shop also; that plaintiff called him (defendant) into the barber shop and told him that Brunet had his five year lease on the barber shop, and "you got yours on your shoe shop"; that he tapped Brunet on the shoulder and told him he was his friend; that plaintiff told them he was in a hurry as he had to go to Baton Rouge, and he would see them day after tomorrow. The defendant at first testified that nothing was said about putting the lease in writing, but later in his testimony he does say that plaintiff was to come back with a written lease to sign.
The principal witness relied on by defendant to corroborate his testimony about the five year lease is that of Brunet. This witness says that plaintiff came into his barber shop in the latter part of June, 1945, and asked him about leasing the barber shop at $35 per month; that he told plaintiff the amount was too much, but he would take a lease for five years at $30 per month; that plaintiff thought awhile and then told him it was a deal; that he called Pizzolatto into the shop, and the latter came in the barber shop where the witness and plaintiff were talking, and plaintiff told the witness and Pizzolatto, "it's a deal and you boys get a five year lease, and I'll be back to see you boys day after tomorrow, I got to go to Baton Rouge, and I'm in a hurry now." On being asked what plaintiff was to see the witness and Pizzolatto about the day after tomorrow, the witness stated that plaintiff was supposed to come back with a paper for him and Pizzolatto to sign. He does not claim that plaintiff ever came back with a lease for them to sign.
The witness Brunet admits that about ten days after this alleged agreement was made between him and plaintiff for the barber shop, he was called to plaintiff's office and asked how soon he could vacate the barber shop as plaintiff had another offer for the shop. Brunet admits that he did not then claim that he had a lease on the shop for five years or for any other fixed period. All he was interested in was getting another place and getting more time to move. Plaintiff agreed to give him some barber fixtures to induce him to move *Page 162 
before the required legal notice could be given. Brunet did not claim any five year lease on the barber shop, yet he admits that defendant's lease on the adjoining shop was on the same terms as his barber shop, and it is hardly reasonable to believe that he would have vacated the barber shop without protest if he considered that he had a five year lease on the shop. Further-more, it is shown that plaintiff and Brunet were not on good terms at the time of the trial and his testimony must be weighed in the light of these circumstances.
Defendant's brother, Leo Pizzolatto, testified that he was outside the door of Brunet's barber shop when it is claimed that plaintiff agreed to lease Joe Pizzolatto the shoe shop and Brunet the barber shop for five years. All that Leo Pizzolatto claims to have heard of the conversation was to the effect that plaintiff said it is a deal. He heard nothing of the terms or consideration of the alleged five year lease. This testimony has very little probative value.
Plaintiff admits that he had some discussion with defendant concerning the lease of the shoe shop, but he denied that there was ever any agreement for any specified term. He admits that he had some conversation with defendant and Brunet in the latter's barber shop relative to a lease. He says that he asked them if they would be willing to sign a lease for one, two, three or four years, and he might have mentioned five years, but no definite understanding was then had.
The burden rested on defendant to prove the lease of the premises for a five year period, and in our opinion, he has failed to meet this burden. One of the most important circumstances going to show that he did not consider he had a five year lease is the fact that on several occasions after he claims this agreement was entered into and the question of his lease was discussed, he did not claim that he had a five year lease. It is reasonable to suppose that if he considered he had a five year lease he would have so claimed when the subject was discussed and the possibility of his having to give up the premises was mentioned.
In support of his claim that he thought he had a five year lease, he introduced testimony to show that he had some negotiations with another party for a new location after he learned that plaintiff had bought the building and he did not know just where he stood, but when he entered into the agreement for five years he called off negotiations for another location. On the other hand, plaintiff, in order to show that he did not consider the premises leased for any definite term, entered into negotiations for the purpose of remodeling the premises for his law office.
[3, 4] In order to constitute a lease for a specific term, it was necessary for defendant to prove a meeting of the minds of the parties as to the consideration and terms of the lease. All of his actions indicate that he thought plaintiff had agreed to let him stay in the premises as long as he desired. As a matter of fact, that is about all that he was justified in assuming according to the facts and circumstances in the case. If the defendant had a right to believe that plaintiff had agreed to let him stay in the premises as long as he desired, there was no fixed term, and the lease was only a lease from month to month.
Finding that the defendant failed to prove a definite term of lease for the premises, it is unnecessary to consider the question raised by the plaintiff that, if there was a verbal agreement for a five year lease, it was contemplated by the parties that the lease was to be reduced to writing and, as no written lease was ever confected, there was no completed contract.
For the reasons assigned, it is ordered that insofar as the judgment appealed from decrees the defendant to have a lease on the premises for a period of five years from July 1, 1945, at $35 per month, the said judgment is reversed and set aside, and the demands of defendant are rejected at his cost. *Page 163