Plaintiff-appellee has moved to dismiss this appeal on the ground that this court is without jurisdiction ratione materiae. The suit, which was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson is for the possession of certain premises situated in East End which plaintiff-appellee rented to defendant-appellant by verbal lease from month to month at a rental of $80. According to the pleadings filed below, there is no dispute between the parties with respect to the existence of the relation of landlord and tenant or that the lease was an oral one for $80 per month but defendant-appellant resists the demand on other grounds.
Under Section 77 of Article VII of the Constitution, the jurisdiction of this court is declared to be the same as that of the Courts of Appeal of the First and Second Circuits except for appeals from the City Courts of New Orleans. By Section 29 of Article VII of the constitution, the jurisdiction of the courts of appeal is prescribed as follows:
"The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."
Hence, the question raised by the motion to dismiss hinges entirely upon whether the action for ejectment filed below is a cause over which the Twenty-Fourth Judicial District Court had exclusive original jurisdiction or whether its original jurisdiction was concurrent with the. Justice of the Peace Court, as Section 29 of Article VII limits our appellate jurisdiction to cases appealed from the district courts where such courts have exclusive original jurisdiction or concurrent jurisdiction where the amount involved exceeds $100.
Inasmuch as an action by a landlord against his tenant for ejectment does not involve a monetary demand (see Elkins v. Lents, La. App., 192 So. 772), the inquiry is whether such a case is one over which the District Court and the Justice of the Peace Court had concurrent jurisdiction.
The pertinent part of Section 35 of Article VII of the Constitution, wherein the *Page 764 
jurisdiction of the district courts is defined, provides:
"The District Courts, except in the Parish of Orleans, shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; * * * and inall cases where no specific amount is in contest, except as may be otherwise provided in this Constitution. * * *" (Italics ours.)
The jurisdiction of the Justices of the Peace is set forth in Section 48 of Article VII of the Constitution as follows:
"Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and insuits of landlords for the possession of leased premises, wherethe monthly or yearly rent, or the rent for the unexpired termof the lease, does not exceed said amount." (Italics ours).
The above quoted sections make it very clear that the Twenty-Fourth Judicial District Court for the Parish of Jefferson did not have exclusive original jurisdiction over the subject matter of the instant suit but that its jurisdiction was concurrent with that of the Justice of the Peace. This is so because the suit is brought by a landlord for the possession of premises which had been leased by the month, and not by the year, at a rental of less than $100. It follows, therefore, that, since the jurisdiction of the district court was concurrent and not exclusive, this court is without jurisdiction of the appeal for the reason that, under Section 29 of Article VII of the Constitution, our jurisdiction of cases, where the original jurisdiction of the district court was concurrent, is limited to matters exceeding $100.
For the foregoing reasons, the motion to dismiss is sustained and the appeal is dismissed.
Appeal dismissed.