GLADNEY, Judge.
The defendant has appealed from a judgment of the Ninth Judicial District Court for the Parish of Rapides. After appeal .to this court appellee filed a motion to dismiss the appeal on the ground that this court is without jurisdiction ratione mate-riae.
The motion is grounded on the premise that this suit is one by a landlord for the possession of leased premises wherein the monthly rent does not exceed $100. We note, however, that in his pleadings defendant placed at issue the existence of a contract of lease wherein the yearly rent is alleged to be $340. This last point was fully considered by Judge Walter M. Hunter in his written reasons for the judgment rendered on trial of the rule. We fully approve of his findings of fact and law pertaining to this issue and quote the following:
“This is a summary action instituted by Frank C. Powell individually as owner, and as usufructuary, under the provisions of Section 4918 et seq. of Title 13 of the [LSA] Revised Statutes of 1950, to eject defendant, David L.. Smith, from the property described as lot 20 of Square 4 of the Townsite of Hot Well.
“The .petition alleges that on or about April 23, 1949, petitioner leased said property to defendant verbally and on a month to month basis; that the consideration of said lease was the agreement of defendant to pay Ten Dollars per month for each of the months of January, February, March and April, and Twenty-Five Dollars per month for each of the remaining eight months of the year, of each year during which said verbal contract of lease should remain in effect; the rent to be paid in advance on the first calendar day of each month; that, as additional consideration, defendant agreed to furnish petitioner free of charge all gasoline and motor oil required for use in his personal automobile, and all coal, oil required by petitioner for use at his home; that during the latter part of the month of December, 1951, defendant notified petitioner that the lease arrangement was no longer satisfactory to him and that he would no longer furnish petitioner the gas, oil and coal oil; that defendant further demanded a written contract of lease for a five year term on a cash rental basis of $340.00 per annum, payable monthly; that said demand was refused by petitioner.
“Allegations are also made concerning the giving of notice to defendant of plaintiff’s termination of the tenan *673 cy and demand upon defendant to vacate the premises.
“On the date of trial defendant filed an exception of no cause or right of action and an answer in which it is averred that the lease ‘was not a lease by the month and on the contrary was a lease by the year, the terms of said lease indicating that it contemplated a yearly period of time rather than monthly.’
“The answer further sets forth that in December, 1951, plaintiff requested a change in the terms of the lease by fixing a flat yearly cash rental of $340.-00, payable monthly beginning as of January 1, 1952, and eliminating the obligation of defendant to furnish plaintiff free of cost such gasoline, motor oil and coal oil as he might require; that said suggested change was agreed to by defendant, and that the new lease was for the period of one year; that defendant has paid his rent according to the new arrangement, and that plaintiff is without right to terminate the lease in the absence of a breach thereof by defendant.
“On the issues thus made up testimony was taken, and from the testimony it appears that plaintiff is in error in alleging in this petition that the original agreement called for the rent to be only $10.00 per month for the first four months of each year during the existence of the lease. Plaintiff testified that originally the monthly rental was fixed at $25.00 for every month of the lease, and that sometime afterwards it was modified to $10.00 for the first months of the year. Defendant testified similarly and claims that the modification was made effective on January 1, 1950.
“Practically all of the testimony adduced was that of the' parties litigant, and that of Mr. Powell concerns itself with an insistence that the lease was entered into on a monthly basis, and that defendant breached it by refusing to furnish gasoline to plaintiff as agreed.
“The burden of Mr. Smith’s testimony is that the lease arrangement was on an annual basis and continued as such; that he has not been guilty of any breach on his part, and that a new yearly lease was entered into to be effective January 1, 1952. He says the new arrangement was made in December, 1951, upon Powell’s insistence, and that he readily agreed to it as he preferred to pay more cash and be freed of the onerous burden of supplying gas and oil to plaintiff without charge as agreed in the beginning. Further, he says that Mr. Powell’s attorney attempted to get him to enter into a new contract as desired by Mr. Powell, although he does not testify as, to the terms of this proposed contract. Smith says he turned the suggestion down by saying he wasn’t interested in it. He does not fix the date of the occurrence.
,“Mr. Powell emphatically denies the agreement for the new lease which defendant claims became effective January 1, 1952.
“Thu§„ the parties are in accord as to the nature of their contract as it existed until December 31, 1951, except for plaintiff contending that the tenancy was by the month while defendant asserts it to have been by the year. They are in total disagreement as to the confection and existence of a new lease for the year 1952.
 “Under the rule of law so elementary that citation of authority to sustain it would be a waste of effort, defendant bore the burden of proof in establishing that in December, 1951, he and plaintiff entered into a new contract of lease for the year 1952. He offered to prove this assertion by his testimony alone and plaintiff by his testimony flatly contradicted him. The evidence on this point then, is evenly balanced, and in applying the ordinary tests in determining credibility the Court cannot conclude that one of the parties has testified truthfully and the other falsely. In such a situation the *674 Court does not feel required to eke out a finding on the controverted issue when at the conclusion of the process it would not be even partially satisfied, much less. would it have that abiding faith upon which judicial determinations should be founded.
 “Such being the case, the fundamental rule that a party bearing the burden of proof must discharge that obligation before a finding in his favor can result has to be invoked, and when invoked the conclusion- is that defendant has not sustained his burden.
“Additionally, defendant’s version appears to be contradicted in his own testimony when -he says in one breath that Powell insisted on the new agreement and in another breath states that Powell was insisting on a written lease to cover not only the filling station property but other properties owned by Powell and occupied by defendant. If these circumstances were weighed at all they could hardly be held to corroborate defendant’s claim.
“Conceding the same rjdes of law to be applicable to plaintiff’s contention that defendant breached the lease in December, 1951, by not paying, the rent and in refusing to furnish plaintiff with the commodities agreed upon and defendant’s denial thereof, the issue then is narrowed to a consideration of the leasehold status at the time defendant was notified to vacate the premises, the notice having been sent on January 15, 1952.
“Taking defendant’s view on this phase of the matter in its most favorable light, a one year lease was entered into effective January 1, 1950, no further negotiations were had 'with respect to it and defendant continued in possession throughout the year 1951 without change or modification of the arrangement. Inasmuch as defendant has not proved the new lease for 1952 he contends was agreed upon, he remained in possession of the premises after December 31st, 1951, under the-old lease.
“This situation is comparable to that existing in Standard Oil Company of New Jersey v. Edwards, La.App., 32 So.2d 102, in which it was held that the parties had not agreed on a new lease and the defendant had held over under the old arrangement which was on a yearly basis. The Court expressed the problem before it thusly: ‘Therefore the question has to be decided as one where a written lease has expired without any express extension or renewal and one where the lessor has permitted the lessee to- remain in possession of the property for six months, thus creating a tacit reconduction of the lease.’
“The Court’s conclusion was that since plaintiff permitted defendant to remain in possession of the property, a lot with buildings thereon in the City of Hammond, for more than one week after the termination of the written lease, there had occurred a tacit re-conduction of the lease on a month to month basis as provided for under [LSA] -Civil Code Article 2689, rather than on an annual basis under [LSA] Civil Code Article 2688. This decision of the First Circuit 'Court of Appeal was given finality when the Supr-eime Court refused a writ of certiorari.
“In LeBlanc v. Barielle, La.App., 25 So.2d 628, [638] the Orleans Court of Appeal had before it a case in which the written lease had an original term of one year with the provision that if the tenant erected improvements on the leased property of a certain minimum value during the "year he would have the right o-f renewing the lease for an additional three year period on the same terms and conditions. The tenant erected the improvements during the first year. Although he gave no notice of his intention to exercise the renewal option granted him, the tenant remained in possession for more than nine months into the second year of occupancy when the landlord demanded that he vacate. On trial the defendant contended that the lease had been automatically extended and that the *675 landlord’s acceptance of the monthly rental for ten months after the expiration of the originál term of the lease had constituted ‘an express and implied renewal and extension of said lease * * *
“The Court thoroughly reviewed the jurisprudence on the subject and determined that the fact of the lessor not at once requiring the lessee to vacate did not constitute acquiescence in the extended term but merely brought about a reconduction under [LSA] Civil Code Article 2689, which was terminable by the lessor on the giving of proper notice.
“In the case at bar, the property involved is urban. Under the holdings in the two cases above cited, if we agree with defendant that an annual lease became effective on January 1, 1950, then we must of necessity conclude that the occupancy beginning January 1, 1951, and continuing until the notice to vacate was given was by virtue of a reconduction on a month to month basis. Such being true, plaintiff was entitled to terminate the occupancy on the giving of proper notice ■ and without regard to proof of breach by defendant.
“For the reasons assigned, the Court is of the opinion that the exception of no cause or right of action should be over-ruled, and that there should be judgment herein in favor of plaintiff making the rule heretofore issued herein absolute, with all costs hereof to be paid by defendant.”
The conclusion is that at the time this action was instituted defendant was occupying the leased premises under a verbal contract of lease by the month under the terms of which said verbal contract the maximum rental was $25 per month.
Pertinent parts of the Constitution of Louisiana relating to the jurisdiction of Courts of Appeal, District Courts and Justice of the Peace Courts are herewith referred to:
Courts of Appeal, Section 29 of Article VII:
“The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
District Courts, Section 35 of Article VII:
“The District Courts, except in the parish of Orleans, shall have original (jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or: fund to be distributed, is less than one hundred dollars, exclusive of interest; * * * and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution.”
Justice of the Peace, Section 48 of Article VII:
“Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount. * * *”
The latter quoted constitutional provision unmistakably gives to the Justice of the Peace Court concurrent jurisdiction with the District Court in suits of landlords for the possession of leased premises, where *676 the monthly rent does not exceed $100 as is clearly the case here.
It follows, therefore, this court is without jurisdiction under Sections 29, 35 and 48 of Article VII of the Constitution of Louisiana inasmuch as the jurisdiction of the subject matter of this suit was concurrent as to the Ninth Judicial District Court and the Justice of the Peace Court of Rapides Parish wherein the leased premises are situated. Childs v. Jones, 1946, 209 La. 609, 25 So.2d 281; O’Neal v. Pizzolatto, La. App., 1946, 26 So.2d 159; Bruning v. Rostrup, La.App., 1946, 27 So.2d 763.
The motion to' dismiss the appeal is sustained and the appeal is hereby dismissed. Appeal dismissed. All costs are to be borne by appellant.