JOSEPH M. KENNEDY and wife *v.* RICHARD T. DOWNEY.

Under the act of 10th March, 1838, sect. 4, the Presiding Judge of the City Court of New Orleans has, within the city, exclusively of justices of the peace, or of the associate justices of that court, original jurisdiction of all actions, for whatever amount, by landlords against their tenants for the possession of real property.

Art. 2683 of the Civil Code, authorizes justices of the peace, out of the city of New Orleans, to order the expulsion of tenants, whatever may be the value of the lease.

APPEAL from the City Court of New Orleans, *Cooley*, J.

This case was submitted, without argument, by *T. M. Kennedy*, for the plaintiffs, and *G. B. Duncan*, for the appellant.

MARTIN, J. The defendant is appellant from a judgment obtained by the plaintiffs, his lessors, for the possession of the leased premises, and by which he is ordered to be expelled therefrom.

The possession was claimed on the ground of arrearages of rent unpaid. The defendant filed an exception disclaiming the jurisdiction of the court, on the ground of the lease being of greater value than one thousand dollars, the *maximum* of the court's jurisdiction; and he denied that any ground of action was stated in the petition. It does not appear to us that the court erred. By an act of the legislature passed in 1838, (see Bullard & Curry's Digest, page 227, sec. 81,) it is provided that, "in all actions hereafter instituted by landlords against tenants for the possession of

real property, the Presiding Judge shall have, exclusively of justices of the peace and associate judges of the City Court, original jurisdiction," &c. This act certainly authorizes the action of the Presiding Judge of the City Court, whatever may be the value of the lease, for it contains no limitation. Indeed, before its passage, the Civil Code, art. 2683, authorized justices of the peace to order the expulsion of tenants without any distinction as to the value of the leases, in the same manner as justices of the peace were authorized by English statutes to act in cases of forcible entry and detainer.

The case was clearly within the jurisdiction of the court; and the plaintiffs established their claim on the merits.

*Judgment affirmed.*