### L. H. D'ARMOND *v.* J. W. PULLEN.

The District Court has jurisdiction of an appeal from a Justice's Court, in a proceeding under the landlord and tenant law, to expel a contumacious tenant, although the price of the lease is under $10.

A claim by defendant in reconvention for the value of buildings erected by the tenant, being not properly connected with the main action, is not admissible in such a proceeding.

APPEAL from the District Court of the Parish of Concordia, *Cooley*, J. *Stacy & Sparrow* and *Snyder & Shaw*, for plaintiff. *A. N. Ogden & Stansbury*, for defendant and appellant.

SPOFFORD, J. It has been held, under the various laws with regard to the expulsion of contumacious tenants, that a Justice of the Peace has jurisdiction, irrespective of the price of the lease, of the value of the property claimed by the lessor, and of the value of improvements claimed by the lessee. See

*Walker* v. *Van Winkle*, 8 N. S. 563; *Kennedy* v. *Downing*, 2 Rob. 284; C
C. 2683; Acts 1819, 3d March.

The existing laws gave the Justice of the Peace original jurisdiction in the
present cause, for the monthly rent, or the lease held, did not exceed one
hundred dollars. Revised Stat., p. 308, sec. 2. The next section of said sta-
tute recognizes a right to appeal from such judgments, but places certain re-
strictions upon the right of a suspensive appeal. Sec. 3.

If the defendant has a right to appeal from the District Court to this court,
a fortiori, had the plaintiff a right to appeal from the Justice's court to the
District Court.

There was no error in striking out the claim in reconvention for the value
of the buildings. That was a distinct demand, not properly connected with
the main action; and, by consequence, there was no error in refusing to ad-
mit evidence of the value of such buildings.

The fact that no price had been paid for the lease was immaterial, for one
was stipulated in writing, and proof that none had been paid could not change
the character in which the defendant held possession of the premises under
his written contract.

It is immaterial to inquire whether the court erred in its charge to the jury,
as the evidence is wholly insufficient to establish any imposition by the plain-
tiff upon the defendant in procuring his signature to the lease.

Judgment affirmed.

Mr. Justice COLE took no part in this case.