No. 1002

First Circuit

---

TOBIAS     (GOTTLIEB,   Substituted)   v.

SCHLOSS

---

(October 7, 1926.    Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Courts—Par. 128.**

In view of revised statute, Section 2156, where the pleadings of the case show that the suit is for an $1800.00 balance due on rent notes, the Court of Appeal clearly has jurisdiction.

2. **Louisiana Digest—Pleading—Par. 62.**

A petition which states that the defendant lessor agreed to operate a filling station which he has closed, and asks for the balance of the lease money and damages, states a cause of action and an exception no cause of action will be overruled.

Appeal from the Nineteenth Judicial District Court of Louisiana. Hon. W. Carruth Jones, Judge.

Action by Mrs. Pauline M. Tobias (Lewis Gottlieb, substituted), against Edward Schloss.

There was an exception no cause of action and answer filed by the defendant. The case was tried and the exception no cause of action was sustained.

Plaintiff appealed.

Judgment reversed, and case remanded to be tried on the merits.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Benton & Benton; Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J.    Defendant and appellee moves to dismiss this appeal on the ground that the amount in dispute exclusive of interest exceeds two thousand dollars.    That therefore this court has no jurisdiction.

The record shows that plaintiff brought suit to have defendant ejected from leased premises.    The contract of lease is annexed to and made part of plaintiff's petition.    The contract states that—

"The consideration of the lease, in addition to the obligations hereinafter set forth, is the sum of six thousand dollars, divided into sixty installments of $100.00 each, represented by sixty notes, one for each month."

The lease thereinafter states that—

"In addition to the obligations above set forth, lessee binds and obligates himself to erect on said premises a gasoline filling station, which with stationary and permanent fixed improvements and equipment, shall cost not less than $3000.00; said station to be erected within a year after September 1, 1922—and to become the property of the lessor at the termination of the lease."

The contract further provides that if the lessee violates the lease, the lessor may retake possession of the leased premises and improvements without compensation to the lessee. The erection of a filling station costing not less than $3000.00 was therefore as much a consideration of the lease, as was the payment of the $6000.00 in monthly installments. The filling station was erected by defendant, incorporated with plaintiff's premises and destined to the permanent service and improvement of the same within the first year of the lease. This consideration was received by the plaintiff before the suit, leaving nothing due the plaintiff at the time of the suit, except the monthly rental of $100.00 per month for eighteen months; a total of $1800.00.

The statement of the lease that the buildings and improvments are to become the property of the lessor at the termination of the lease, really means nothing more and can have no other effect, than that the lessee has the right to use the filling station, without further rent, than the payment of the monthly installments mentioned and complying with the other conditions of the lease.

In an ejectment suit the value of the property has no bearing on the question of jurisdiction. Walker vs. Van Winkle, 8 N. S. 560; D'Armond vs. Pullen, 13 La.

Ann. 137; Dreyfous vs. Process Oil & Fuel Co., 140 La. 50, 72 South. 805.

In an ejectment suit, the amount of the monthly or yearly rent, determines the jurisdiction of the courts, R. S. Sec. 2156; Godchaux vs. Bauman, 44 La. Ann. 253, 10 South. 674; Lauger vs. Baradat, 127 La. 542, 53 South. 856; Dreyfous vs. Process Oil & Fuel Co., 140 La. 50, 72 South. 805.

The lease further provides—

"That should the lessor desire to sell the property leased during the duration of the lease, she shall have the right to terminate the agreement; that should the lease be so terminated, then the lessor shall reimburse the lessee at the rate of fifty dollars per month, for each month of the unexpired portion of the lease."

Plaintiff alleges an agreement on her part to sell the leased premises, but that the purchaser was obligated to recognize defendant's lease. It is shown that plaintiff, after the rendition of the judgment dismissing her suit, sold the property to Lewis Gottlieb; which sale the court recognized and granted Gottlieb an appeal from the judgment rendered. Defendant argues because of this sale that fifty dollars per month, for eighteen months, must be added to the said monthly rental of $100.00 per month for eighteen months, making the amount in dispute $2700.00. This contention does not appear to be applicable to the situation. Plaintiff's suit is not for the termination of the lease in order to effectuate a sale; but to eject defendant on the ground that he had breached and violated the lease, by closing down the filling station.

There is no question of reimbursement under the above stipulation in the contract, raised by plaintiff's demand and defendant's exception thereto. The only question is, whether on the face of plain-

tiff's petition and the contract thereto annexed, it was a breach and violation of the contract on part of defendant, to close down the filling station and keep it closed, until the expiration of the lease, withholding from plaintiff at the same time the premises and improvements leased, upon paying the monthly installments involving a total of $1800.00. That is all that can be said to be in dispute. This court therefore has jurisdiction. The motion to dismiss is overruled.

Defendant filed an exception of no cause of action and an answer to the merits at the same time. The exception was submitted to the court without argument and taken under advisement. The trial of the case was then proceeded with on the merits and more than one hundred pages of testimony taken. The case was then argued and submitted on the merits; upon which the exception was sustained and the suit dismissed.

From this judgment Lewis Gottlieb has appealed. The exception should have been acted on in limine litis. If a petition sets forth no cause of action and is excepted to on that account, it is as a rule best to act on the exception before taking up the merits because if the exception is well pleaded, there is no occasion for taking testimony.

In this case the plaintiff alleges that the premises were leased for the purpose of opening and conducting a filling station at the place. That the specific purpose of the lease was to have a filling station erected and conducted at the said corner and there was a specific understanding express and implied that said station was to be conducted there.

That on Sunday, February 28, 1926, the said defendant placed a large sign on the station as follows: "Notice—On and after March 1st, this station will be closed permanent. All business will be handled by the East end service station. Ed Schloss, Prop." That one of defendant's motives in closing the station and of advertising it as abandoned was to make it impossible to secure a permit from the city to reopen it; another was to attract the business from said corner to another place of business owned and operated by defendant. That said closing and abandonment of said property as a filling station, was without the consent of petitioner and in violation of the contract. That the abandonment and closing will damage petitioner in that it will make the filling station less desirable by reason of the fact that its business will have been attracted elsewhere and its rental value depreciated. That petitioner will be further damaged in that the property is most valuable as a filling station, the buildings thereon being fit only for such use. That after said station has been closed for eighteen months the city of Baton Rouge will in all probability treat it as abandoned and refuse to permit it to be re-opened.

It is not expressly stated in the contract, that the filling station is to be kept open and conducted at said corner for the entire period of the lease and that fact is urged by defendant as justifying the closing and abandonment complained of by the plaintiff and as the reason why plaintiff's petition discloses no cause of action. It is contended by the plaintiff that the intention of the parties that a filling station was to be kept open and conducted at said corner for the entire term of the lease is fairly and reasonably apparent from the terms of the contract. The intention of the parties as to whether the filling station provided for in the contract was kept open and conducted at said corner

for the entire term of the lease, is to be sought for in their contract, interpreted as provided for by law, C. C., Art. 1945, etc.

The contract can not be interpreted, against the allegations of the plaintiff; for the purpose of ruling on the exception of no cause of action, when the intention contended for by the defendant is not plainly and clearly apparent from the contract. For the purpose of ruling on the exception of no cause of action, it must be held that the intention of the parties was as alleged by the plaintiff, save when the contrary clearly and plainly appears from the contract, and such is not the case here.

The law provides that the lessee must enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease. If the lessee makes another use of the thing than that for which it was intended, the lessor may obtain the dissolution of the lease. The defendant may of course allege in his answer, his understanding of the contract, in which event the interpretation will be a question for the merits of the controversy.

The parties to this appeal have cited us authorities from the French Commentators on the Civil Code, bearing on the interpretation of contracts of the kind, but these authorities can not be applied, in ruling on the question before us because they have reference to the rights of the parties and to the merits of the controversy.

The appellant contends that the trial court ruled erroneously in regard to the admissibility of certain evidence, but the rulings were on the trial of the merits.

The judgment appealed from does not deal with the merits. Therefore the authorities cited and the rulings complained of, can not be inquired into, in disposing of the exception of no cause of action, because we are not dealing with the merits of the case. The petition of the plaintiff sets forth a cause of action. The exception of no cause of action should have been overruled.

The judgment appealed from is therefore annulled, avoided and set aside. The exception of no cause of action is overruled and the case remanded to the lower court to be further proceeded with as the law provides. The cost of the exception and of this appeal is to be paid by the appellee. The other cost is to abide the final judgment which may be rendered herein.

———

MOUTON, J.    Concurring in Jurisdiction.

In the contract of lease from plaintiff to defendant it is stated that "The consideration in addition to the obligations hereinafter set forth, is the sum of $6000.00 divided into sixty installment of one hundred dollars each, represented by sixty notes, etc." Thereafter the lease says: "In addition to the obligations above set forth, lessee binds himself to erect a gasoline filling station on the property leased", the date of the lease being August 23, 1922. It is stipulated in the lease that the filling station and equipments should not cost less than $3000.00 and which were to become the property of the lessor at the termination of the lease.

In my opinion the obligation which was imposed on defendant, lessee, to erect this filling station constituted a part of the consideration for the lease. The contract would have been the same, if, instead of

defendant obligating himself to erect the station, he would have bound himself to pay the lessor the sum of $3000.00, in addition to his rental of $6000.00, which was divided in 30-day payments. According to the allegations of plaintiff in her petition which must be taken as true under the exception of no cause of action filed by defendant, it is clear that as he was required under the lease, defendant did erect the station on the premises as was stipulated and that he had discharged this part of his obligation when this suit was filed.

As defendant had complied with this part of his contract, he had therefore paid the sum of $3000.00 to plaintiff on the lease, leaving a balance of whatever was due on the $6000.00 rental, the other portion of the consideration for the lease. The pleadings of the plaintiff show that this suit is for a balance of $1800.00 on the original rental notes of $6000.00. As this is the only amount in contest this Court has jurisdiction.