TATE, Judge.
This is an eviction proceeding by an owner to obtain possession of premises leased' to a tenant. The defendant tenant appeals-from judgment of eviction. The defendant also contends that the value in dispute exceeded the jurisdictional limits of the city court in which these eviction proceedings-were filed.
*283 1. The merits.
The principal issue on the merits is the term of the oral lease in question. If the lease was on a year-to-year basis, renewable annually, as contended by the defendant tenant, then the present eviction proceedings should be dismissed because the term ■of the lease has not expired.
However, the trial court sustained the opposing contention of the plaintiff landlord that the defendant’s tenancy of the ■property was instead on a month-to-month basis. If this indeed was the agreement of the parties, then the plaintiff landlord, having given the requisite notice of cancellation in advance of the eviction proceeding, is entitled to have the possession of the premises restored to him, because the lessee’s right to occupancy has ceased be■cause the monthly lease was cancelled. See LSA-C.C.P. Art. 4701.
The evidence shows that the defendant tenant went into possession of the premises, a new service station, on January 3, 1957. The initial rental terms were for the tenant to pay 1J40 per gallon on gasoline purchased from the plaintiff landlord, who was a petroleum products distributor. With several changes in the rental arrangement, the defendant tenant’s occupancy had continued without incident until he was given on January 18, 1964 a thirty-day notice by the landlord to vacate the premises on or by February 18th.
The plaintiff landlord testified positively that, as to the term of the oral lease, the agreement of the parties was for it to be on a monthly basis, with either party having the right to cancel the lease upon thirty days’ notice. On the other hand, the tenant “thought” that the lease was for a year, renewable annually for another year in the absence of thirty-day notice before termination of any year, because he had read another lease of service stations containing a provision to such effect; however, the tenant frankly admitted that there was no actual agreement by the landlord in the present case for the oral lease to be on a year-to-year basis, it was merely the tenant’s “understanding” that the lease was to be for such term. Tr. 12.
Corroborative of the landlord’s version of the lease agreement is the circumstance that the rental rates were changed several times during the tenant’s occupancy, at irregular intervals which did not correspond with the end of any year’s occupancy of the premises.
The initial rental agreement was for the tenant to pay 1J4^ per gallon of gasoline sold, with no maximum and no minimum. Some lJ^-2 years after the tenant moved into the premises, the landlord informed the tenant that thereafter there would be a minimum monthly rental of $225, based upon the gallonage rental of 1 per each gallon of gasoline sold. Approximately 21^-3 years later, the monthly rental was again changed to provide for a maximum monthly rental of $300, based on an additional 1(5 per each gallon of gasoline sold from 15,000-22,500 gallons in any month. The tenant did not at the time question the landlord’s right to change the initial rental agreement. If indeed the oral lease had been on a year-to-year basis, it seems that the landlord would not have had the right to change the rental rate except at the end of each year’s term.
Under all of these circumstances, in our opinion, the preponderance of the evidence proves that the lease was on a month-to-month basis, with a monthly rental due of $225-$300, depending upon the amount of gasoline sold.
The trial court therefore correctly held the plaintiff landlord to be entitled to evict the tenant, after having given requisite notice, since the lease was terminated by such notice. Likewise, the trial court correctly overruled the defendant’s exceptions of prematurity and no cause of action, which were based upon the defendant’s contention, rejected by the trial court, that the lease was on a year-to-year basis.
*284 2. Jurisdiction of the City Court.
The defendant further contends that the court below should have sustained his exception to the court’s jurisdiction, which was based upon the contention that the value in dispute exceeded the court’s jurisdictional limits.
This action was filed in the New Iberia City Court. LSA-C.C.P. Art. 4834, a general provision pertaining to city courts serving a population of twenty thousand or more, provides the civil jurisdiction applicable to this tribunal. This code article pertinently states that the court has civil jurisdiction in cases “where the amount in dispute, or the value of the movable property involved, does not exceed one thousand dollars * * *, including suits by landlords for the possession of leased premises where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed this amount.”
This is a suit by a landlord for possession of the leased premises. Under such a jurisdictional provision as above quoted, when a lease on a month-to-month basis is involved, the jurisdiction of the trial court is fixed by the monthly rental rate. Powell v. Smith, La.App. 2 Cir., 62 So.2d 671; O’Neal v. Pizzolatto, La.App. 1 Cir., 26 So.2d 159. Cf. also: Dreyfus v. Process Oil & Fuel Co., 140 La. 49, 72 So. 805; Sanders v. Arcana, La.App.Orl., 105 So.2d 619. For excellent summary of when jurisdictional amount is respectively determined by monthly rent, yearly rent, or rent for unexpired term, see Comment, Landlord and Tenant: Summary Ejectment in Louisiana, 21 Tul.L.Rev. 256 at 265 (1946).[1]
The New Iberia City Court thus has jurisdiction of this landlord’s suit for possession of his premises, since the monthly rental of the month-to-month lease here involved was within the court’s jurisdictional limits.
Able counsel for appellant additionally contends that the city court does not have jurisdiction because the inventory value of the defendant tenant’s equipment and business on the premises exceeds one thousand dollars and because the landlord is under an obligation, upon the lease’s termination, to repurchase unsold products, alleged to be valued in excess of one thousand dollars.
However, where the sole demand of the suit is to evict the defendant from certain premises, jurisdiction is determined solely by the rent, which is the measure of the value of the right of occupancy, which alone is at issue; jurisdiction is not determined, for instance, by the value of the premises nor of the tenant’s assets on the premises. See LSA-C.C.P. Art. 4834, quoted above, flatly providing that the city court has jurisdiction of eviction suits where the rent does not exceed one thousand dollars. See also Walker v. Vanwinkle, 8 Mart. (N.S.) 560, 562 (“The law intended to give a speedy and efficacious means of putting the lessor in possession, and leaves the other questions growing out of the contract, to be settled in due course of law, after possession is obtained.”) ; Tobias v. Schloss, 1 Cir., 5 La.App. 234. Cf., 5A West’s La.Digest “Courts”, Section 224 (11)g (appellate jurisdiction).

Decree.

For the foregoing reasons, the judgment of the trial court is affirmed; the defendant-appellant to pay the costs of this appeal.
Affirmed.

. “Wliero the lease is by the month, the jurisdictional amount is the monthly rent. Where the lease is for a term, all of which has expired at the time of the suit, the yearly rent is the jurisdictional amount. In the case of a lease for a term, all of which has not expired at the time of the suit, the jurisdictional amount is the rent for the unexpired term of the lease.” 21 Tul.L.Rev. 265