304 So.2d 423 (1974)
Richard W. LANGFORD
v.
Frank FOIL and East Baton Rouge Parish Democratic Executive Committee.
No. 10110.
Court of Appeal of Louisiana, First Circuit.
September 9, 1974.
Writ Refused September 12, 1974.
Sam J. D'Amico, Baton Rouge, for appellant.
J. Huntington Odom and John V. Parker, Baton Rouge, for defendant-appellee Foil.
G. Dupre Litton, Baton Rouge, for defendant-appellee Democratic Executive Committee (East Baton Rouge Parish).
Before LANDRY, ELLIS and BAILS, JJ.
PER CURIAM.
This matter involves an election contest in which the losing candidate, in a democratic party primary for the office of City Judge, City of Baton Rouge, attacks the residency qualifications of his lone opponent. The basic issue on appeal is whether the provisions of the constitutionally authorized Home Rule Charter of the City of Baton Rouge, preempts general state law fixing residency requirements for city judges in general. The trial court held *424 that the provisions of the City's charter predominates. We affirm the result reached below but for different reasons.
The facts of this case are stipulated and undisputed. Appellant, Langford, and Appellee, Foil, were the sole candidates for election in the democratic primary held August 17, 1974, to select a democratic candidate for the office of City Judge, City of Baton Rouge, in a general election to be held at a later date. In the primary Appellant received 8,924 votes to 27,879 for Appellee. Appellant makes no charges of fraud, deceit or ill-practice in any manner whatsoever. Foil has resided in the state continuously since 1934 and in the Parish of East Baton Rouge continuously since 1938. On February 7, 1955, Foil registered as a voter in Ward 3, Precinct 6, East Baton Rouge Parish, and remained so registered until December 15, 1973. From August, 1964, to March, 1969, Foil resided at 622 Baird Street, Magnolia Heights Subdivision, near the then City limits. In March, 1969, Foil moved to 434 Castlekirk Drive, Magnolia Woods Subdivision, where he has resided continuously since. On December 15, 1973, Foil's registration was changed to Ward I, Precinct 76. On August 8, 1973, the City adopted ordinance Number 3068 which extended the municipal limits of Baton Rouge to take in Magnolia Woods Subdivision, including Foil's residence, which ordinance became effective September 7, 1973. Said annexation was approved by the United States Civil Rights Division on October 30, 1973. Appellant filed this contest suit alleging that Appellee was not a qualified candidate inasmuch as Appellee did not meet residence requirements to hold the office of City Judge. Appellant alleges that since Foil does not meet the requirements of LA-R.S. 13:1873, namely, residency within the City limits for two years preceding the election, promulgation of the returns would be illegal and the Committee should be enjoined from declaring Foil the nominee. Alternatively, Appellant suggests the election be declared a nullity. It is Appellant's position that Foil's alleged failure to meet residence requirements is an irregularity which may be asserted pursuant to LA-R.S. 18:364(B). In oral argument, Appellant conceded his relief is limited to annulment of the election.
Appellee filed an exception of no cause of action contending the instant suit contests Appellee's candidacy and does not involve alleged fraud or irregularity in the conduct of the election, therefore this action is subject to the provisions of LA-R. S. 18:307, which requires that it be brought within five days after the last day on which notification to become a candidate may be filed with the Committee. In this regard Appellee maintains that since only a question of qualification is involved, LA-R.S. 18:364, which allows contest following promulgation of election results, is inapplicable.
Appellee also filed an exception of no right of action on the ground that under section 364, above, a contestant must allege and establish that but for fraud or irregularities he would have been nominated. It is Appellee's position that since there were only two candidates in the primary and the irregularity complained of (Appellee's alleged lack of qualifications), would not have resulted in Appellant's nomination, Appellant has no right to remedy under Section 364.
On the merits Appellee contends that LA-R.S. 13:1873, which fixes residence requirements of City Judges is inapplicable. Appellee argues that such requirements are controlled by Section 11.04 of the City's Plan of Government adopted pursuant to the City's Home Rule Charter authorized by La.Const. Article 14, Section 3(a)(2).
LA-R.S. 13:1873 provides:
Judges of City Courts elected after the effective date of this Section shall be licensed to practice law in the State of Louisiana for at least five years previous *425 to their election, and qualified resident electors of the territorial jurisdiction of the court for at least two years prior to their election.
Section 11.04 of the Baton Rouge City Charter provides that Judges of the City Court must be electors of the City and must have been admitted to legal practice at least three years prior to their election.
Alternatively, Appellee contends that even if Section 1873, above, is controlling, Appellee qualifies. This argument is based on the premise that if Section 1873 is applicable, it must be read in conjunction with Sections 1951 and 1952, which latter sections provide as follows:
Section 1951
Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this section, are hereby recognized and continued in existence, except as otherwise provided by law, their territorial jurisdiction shall extend through the city and wards wherein the city of their domicile is located, as extended from time to time.
Section 1952
The following city courts, heretofore created and established by special legislative act are hereby recognized and continued in existence, and except as otherwise provided in this section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located as extended from time to time:
(4) The City Court of Baton Rouge, domiciled in the City of Baton Rouge, Parish of East Baton Rouge . . .
Appellants suggest Sections 1951 and 1952, above, extend the territorial limits of the City Court of Baton Rouge, to include the territory annexed in 1973, in which area Appellee resided at the time of said annexation.
We think Appellee's alternative contention is wellfounded. We therefore pretermit consideration of all other issues and hold, for reasons heretofore set forth, that assuming Section 1873, above, is applicable, Appellant is a qualified candidate thereunder.
Sections 1951 and 1952, above, extend the territorial jurisdiction of City Courts to all areas annexed into a municipality. Section 1873, above, merely requires that judges of City Courts be resident electors of the territorial jurisdiction of the Court at least two years prior to their election. We interpret Section 1873, above, to mean that since Appellee resided, for more than two years prior to the election in Magnolia Woods, an area annexed into the City and which was therefore included within the territorial jurisdiction of the City Court, Appellee satisfies the residency requirements of Section 1873, above.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.