517 So.2d 941 (1987)
Ronald VEILLON, Plaintiff-Appellee,
v.
Carol Lynn Bertrand VEILLON, Defendant-Appellant.
No. 86-256.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Rehearing Denied November 17, 1987.
*942 Morrow and Morrow, James Ryan and James Gates, Opelousas, for plaintiff-appellee.
Craig Hattier, New Orleans, for defendant-appellant.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
This case presents the issue of whether or not the Opelousas City Court had subject matter jurisdiction and personal and territorial jurisdiction over the defendant in an eviction action.
Carol Lynn Bertrand Veillon (hereinafter defendant) appeals an eviction judgment rendered by the City Court of Opelousas in favor of her former husband, Ronald Veillon (hereinafter plaintiff). Defendant excepted to the jurisdiction of the Opelousas City Court to hear the eviction proceeding. The City Judge ruled that the court had jurisdiction to hear the eviction proceeding. Following a hearing on the merits the City Judge granted a judgment of eviction in favor of plaintiff and against defendant. The defendant then suspensively appealed, and in the alternative, devolutively appealed the eviction judgment to the Third Circuit Court of Appeal. Plaintiff moved to dismiss the defendant's suspensive appeal and the Court of Appeal dismissed defendant's suspensive appeal but maintained the appeal as devolutive. Plaintiff then brought a rule for contempt against defendant, for her failure to obey the eviction judgment. Defendant again excepted to the jurisdiction of the Opelousas City Court to hear the contempt proceeding. The City Judge overruled the exception and found the defendant in contempt. Defendant applied for writs to the Third Circuit Court of Appeal which were denied. Defendant then applied to the Louisiana Supreme Court for writs. The Supreme Court partially granted and partially denied the writs and ordered the Court of Appeal to expeditiously hear and dispose of defendant's devolutive appeal in the eviction action. Finding that the City Court had jurisdiction to render an eviction judgment against defendant, we affirm the judgment of eviction.

FACTS
The facts in this case are quite complicated, undoubtedly due to the fact that the defendant elected to proceed in proper person during some of the critical stages of the various proceedings. Numerous suits, writs, and appeals involving these same parties, some of which involved issues totally unrelated to this appeal, have been filed. Because of the nature of this case, we believe that a complete recitation of the history of the litigation between the parties, insofar as pertinent to this appeal, is necessary for a complete understanding of our decision.
Ronald Veillon and Carol Lynn Bertrand were married on August 16, 1975. On March 17, 1976, the couple purchased and mortgaged a tract of land, consisting of 16.25 acres located in St. Landry Parish, Louisiana, outside of the Opelousas city limits in Ward I, and made it their matrimonial domicile. Defendant remained on the property after the parties voluntarily physically separated on August 2, 1983.
On April 19, 1985, defendant filed suit for divorce based on living one year separate and apart under LSA-R.S. 9:301. Plaintiff filed a reconventional demand in *943 the suit based on the cruel treatment of the defendant on July 7, 1985. Defendant dismissed her attorney in her divorce suit on September 9, 1985 and thereafter proceeded in proper person.
On July 9, 1985, a petition for executory process was filed against plaintiff and defendant by the mortgagee for nonpayment of the mortgage on their property. The property was subsequently sold at a Sheriff's sale to Patrick Morrow, plaintiff's attorney, for $25,500.00.
Morrow, as the new owner of the former matrimonial domicile, instituted eviction proceedings against defendant in the Opelousas City Court on September 19, 1985. Defendant filed exceptions which were overruled and on October 2, 1985 the City Judge ordered defendant to deliver possession of the property by October 10, 1985. Defendant applied in forma pauperis to the Third Circuit Court of Appeal for an emergency stay order and supervisory writs from the eviction judgment. The emergency order and writs were denied by the Third Circuit Court of Appeal on October 9, 1985 which noted that a supervisory stay order and/or supervisory writ could not be used as a substitute for a suspensive appeal in an eviction proceeding. Morrow subsequently filed a motion to dismiss this eviction proceeding.
The divorce action also proceeded and a judgment was granted on the plaintiff's reconventional demand but after rendition of the judgment the trial judge discovered that defendant had never answered plaintiff's reconventional demand nor had a preliminary default judgment been entered so, on his own motion, he set aside the divorce judgment. Defendant then answered the reconventional demand of plaintiff and it was eventually set for trial on December 5, 1985. On December 5, 1985 a judgment of divorce was granted based on plaintiff's reconventional demand. Defendant did not appear at the trial, claiming that she was not notified of the scheduled trial date. Defendant timely applied on December 11, 1985 for a new trial and by rule to show cause sought to annul the divorce judgment. The trial judge, on February 7, 1986, maintained plaintiff's exception of improper use of summary procedure to the rule seeking to annul the divorce judgment and dismissed the motion for a new trial. Defendant appealed. A decision is being rendered this date in that matter in the case entitled Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.1987), Number 86-333 on the Docket of the Third Circuit, Court of Appeal.
On December 6, 1985, the day after the divorce judgment was rendered and signed plaintiff reacquired the property from Morrow by a cash sale for the price of $31,200.00. Plaintiff then instituted eviction proceedings against defendant on December 12, 1985. On December 17, 1985, defendant retained an attorney and moved for a continuance of the eviction hearing which was denied. Defendant applied to the Third Circuit Court of Appeal for an emergency stay order and supervisory writs. On December 19, 1985, the Third Circuit denied defendant's request to stay the eviction action.
Defendant then filed exceptions of lack of subject matter jurisdiction and personal and territorial jurisdiction in the eviction action in the Opelousas City Court on January 15, 1986. Defendant was then granted a temporary restraining order staying the pending eviction hearing, by the district court in the divorce action while her motion for a new trial was pending. On January 24, 1986, the temporary restraining order was continued by the district court until February 7, 1986, the date scheduled for the hearing on defendant's motion for a new trial in the divorce action. After denying the motion for new trial and maintaining the exception to defendant's rule to nullify the divorce judgment, the trial court vacated the temporary restraining order it had previously issued staying the eviction action in the Opelousas City Court.
The Opelousas City Court eviction action then proceeded and the declinatory exceptions to subject matter jurisdiction and personal and territorial jurisdiction filed by defendant were overruled and a judgment was rendered in the eviction proceeding on February 12, 1986 ordering defendant to *944 vacate the property by February 18, 1986. A suspensive appeal, or in the alternative, a devolutive appeal, to the Third Circuit Court of Appeal was granted on February 13, 1986 in this matter.
On February 19, 1986, plaintiff filed in the Opelousas City Court a rule for contempt against defendant, for failing to vacate the premises as ordered by the court, and a rule to dismiss defendant's appeal from the eviction judgment.
On March 10, 1986, defendant applied for supervisory writs to the Third Circuit Court of Appeal for relief from the pending rule for contempt and rule to dismiss the defendant's appeal then pending in the Opelousas City Court. On March 11, 1986, the Third Circuit denied the writ application of defendant on the grounds that her writ application was premature since there was no adverse ruling by the trial court from which writs could be sought.
On March 12, 1986, defendant filed exceptions to plaintiff's rule for contempt and rule to dismiss the appeal on the grounds that the Opelousas City Court had no jurisdiction because her appeal had been granted and perfected and the trial court was divested of jurisdiction. On March 12, 1986, the Opelousas City Court dismissed plaintiff's contempt rule as premature and ruled that the City Court was not a proper forum to dismiss the appeal.
Plaintiff then filed a motion to dismiss the suspensive appeal in the Third Circuit Court of Appeal in this matter for the reason that plaintiff had not answered the rule for eviction under oath setting forth an affirmative defense, as required by La. C.C.P. Art. 4735, to entitle defendant to a suspensive appeal. On May 28, 1986, the Third Circuit Court of Appeal dismissed defendant's suspensive appeal of the February 12, 1986 eviction judgment, but maintained the appeal as a devolutive appeal.
On June 25, 1986, the City Court of Opelousas heard the pending rule for contempt action since the Third Circuit Court of Appeal had ordered defendant's suspensive appeal of the eviction judgment dismissed. The Opelousas City Court held defendant in contempt and ordered defendant to vacate the property by June 30, 1986. Defendant gave notice to the Opelousas City Court of her intent to apply to the Third Circuit for writs from this judgment. The City Court judge denied this notice.
Defendant applied to the Third Circuit for writs on June 28, 1986 from the judgment holding her in contempt. The Third Circuit denied the writ on June 30, 1986, on the grounds that the issues presented, that is, the jurisdiction of the Opelousas City Court, had been disposed of in previous writs.
On July 14, 1986, defendant applied to the Louisiana Supreme Court for writs. The writs were granted in part and denied in part on July 28, 1986. The Supreme Court ordered the Third Circuit Court of Appeal to hear and expeditiously dispose of defendant's devolutive appeal in the eviction action which was then pending.
This appeal is not an appeal of the contempt judgment rendered on June 25, 1986 but is only an appeal of the eviction judgment rendered on February 12, 1985 ordering the defendant to vacate the property owned by plaintiff.
Defendant, Carol Veillon, now has before this Court her devolutive appeal of the decision of the Opelousas City Court rendered on February 12, 1986 ordering her to vacate the property, asserting the following assignments of error:
(1) The City Court of Opelousas erroneously denied defendant's exception to subject matter jurisdiction based on grounds that the annual value of her right of occupancy of the property exceeds $10,000.00, the maximum jurisdictional limit; and
(2) The City Court of Opelousas erroneously denied defendant's exceptions to subject matter jurisdiction and personal jurisdiction in that the property lies outside the territorial jurisdiction of the City Court of Opelousas.

ASSIGNMENT OF ERROR NUMBER 1
In the first assignment of error, defendant asserts that the City Court of Opelousas did not have subject matter jurisdiction over the eviction action because the *945 annual value of her right of occupancy of the property exceeds $10,000.00.
LSA-C.C.P. Art. 4844 reads as follows:
"A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased premises within its territorial jurisdiction, as follows:
* * * * * *
(5) When the suit is to evict an occupant as defined by Article 4704, if the annual value of the right of occupancy does not exceed the amount in dispute to which the jurisdiction of the court is limited by Articles 4842 and 4843."
Under LSA-C.C.P. Art, 4843, the civil jurisdiction of a city court is concurrent with the district court where the amount in dispute, or the value of the property involved, does not exceed $10,000.00.
Defendant asserts that since the property is assessed at more than $31,500.00, which she helped pay for with separate funds, and because she was raising 18 valuable horses on the property, that the value of the right of occupancy exceeds the $10,000.00 jurisdictional limit of the City Court of Opelousas. In the case of Golden v. Pesson,
"[w]here the sole demand of the suit is to evict the defendant from certain premises, jurisdiction is determined solely by the rent, which is the measure of the value of the right of occupancy, which alone is at issue; jurisdiction is not determined, for instance, by the value of the premises nor of the tenant's assets on the premises ..." (Emphasis supplied.) Golden v. Pesson, 166 So.2d 282, at page 284 (La.App. 3 Cir.1964).
Under the Golden rule, the value of the property and the value of defendant's assets or horses on the property would not determine the jurisdiction of the city court to hear an eviction proceeding. The amount in controversy, as the basis of subject matter jurisdiction in a summary eviction proceeding, is determined solely by the rent paid for the premises or its fair rental value. Arnona v. Arnona, 477 So.2d 120 (La.App. 4 Cir.1985), writ den., 479 So.2d 367 (La.1985); Golden v. Pesson, supra.
At the eviction hearing, plaintiff testified that the approximate fair rental value of the property would be $300.00 per month. This would mean that the annual fair rental value would be only $3,600.00, well under the $10,000.00 jurisdictional limit.
Since the annual value of the right of occupancy is less than $10,000.00, the City Court of Opelousas had subject matter jurisdiction to hear this eviction case. Defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In her second assignment of error, defendant asserts that since the property lies outside the city limits of the City of Opelousas that it therefore lies outside the territorial jurisdiction of the City Court of Opelousas and the City Court of Opelousas did not have territorial jurisdiction or personal jurisdiction over the defendant in this case.
LSA-R.S. 13:1951 states as follows:
"Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section, are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time."

Defendant contends that the city limits in which the city court is domiciled sets the territorial jurisdiction of the city court, citing Medlen v. State, 418 So.2d 618 (La. 1982); Langford v. Foil, 304 So.2d 423 (La.App. 1 Cir.1974), and Cosenza v. Aetna Ins. Co., 341 So.2d 1304 (La.App. 3 Cir. 1977). These cases can clearly be distinguished since the territorial jurisdiction of the city courts in these cases was fixed by special legislation. There has been no evidence introduced in the record of this matter which indicates or shows that any special legislation exists which determines the territorial jurisdiction of the City Court of Opelousas. In absence of any law to the contrary, the territorial jurisdiction of the *946 city court is fixed according to the general provision of law. LSA-R.S. 13:1951.
In this case, the property lies outside of the Opelousas city limits within Ward I. Under R.S. 13:1951, the territorial jurisdiction of the Opelousas City Court extends through the city and ward wherein the city is located. Since there is no evidence of any other law which fixes the territorial jurisdiction of the Opelousas City Court, its jurisdiction clearly extends throughout Ward I as the City of Opelousas is situated in Ward I.
Under R.S. 13:1951, municipal and city courts created prior to the law's passage in 1960 are recognized and continued in existence. There is no evidence in the record which indicates that the Opelousas City Court was improperly created. As the city court has been properly created, under R.S. 13:1951 the court has jurisdiction to hear all civil matters falling within the provisions of Code of Civil Procedure Articles 4841 et seq. For this reason we find defendant's second assignment of error without merit.
For the foregoing reasons we affirm the judgment of the Opelousas City Court rendered on February 12, 1986 ordering the defendant to vacate the property owned by plaintiff. All costs of the trial court and of the appellate court are taxed to defendant-appellant.
AFFIRMED.