Dear Ms. Adams:
We are writing to recall a portion of our prior opinion, number 01-248, with regard to the election boundaries of the New Iberia City Court. Based on further research, we write to restate our opinion herein on the issue of who votes for the office of New Iberia City Court.
In Opinion No. 01-248 we concluded, "[t]he voters in the city's boundaries which have been extended into the justice of the peace ward will vote only on the city court offices. Likewise, the voters outside of the city's boundaries, but within the justice of the peace ward will vote only on the offices of justice of the peace and constable." We recall
this conclusion, and restate our opinion as follows:
All of the registered voters in the City of New Iberia and in the wards which have been annexed into the city will vote on the office of City Court for the City of New Iberia, provided that the annexations have been precleared under Section 5 of the Voting Rights Act of 1965 for the purpose of enlarging the election boundaries of the City Court. Per R.S.13:1872, the jurisdiction of the justice of the peace will cease to exist in that portion of a ward which is annexed into the city and thus, only the registered voters in that portion of a ward which has not been annexed into the city will vote on the office of justice of the peace for the ward. Further, the territorial jurisdiction of the New Iberia City Court will extend throughout the city and all wards which have been annexed into the city as per R.S. 13:1951 and 1952. The jurisdiction of the office of justice of the peace remains only in that portion of the ward which has not been annexed into the city. Hence, the city court and justice of the peace have concurrent jurisdiction in that portion of the ward which has not been annexed into the city. For a more detailed explanation, please see Atty.Gen.Op. No. 02-93, copy enclosed herein.
We regret any inconveniences our earlier opinion may have caused your office. If you have any further questions regarding this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Enclosure
Cc: Hon. Robert L. Segura
OPINION NUMBER 02-0093
May 1, 2002
15 — COURTS 24 — ELECTIONS — Conduct of Primaries General 56 — JUDGES 57 — JUSTICE OF THE PEACE
Discusses the territorial jurisdiction of the City Court of Monroe and recalls portions of Atty.Gen.Op. Nos. 01-248 and 01-471 which were inconsistent conclusions.
Honorable Willie Hunter, Jr. State Representative, District 17 900 St. John Street Monroe, LA 71201
Dear Representative Hunter:
Your request for an Attorney General's Opinion regarding the territorial jurisdiction of the Monroe City Court has been assigned to me for research and reply.
Your letter states that R.S. 13:1952(15) provides for the City Court of Monroe and that on January 1, 2002, the designations of the precincts in Ouachita changed from having a ward and precinct designation to having just a precinct designation. You also state that prior to this date the city limits of Monroe extended into precincts and parts of precincts in Wards 1, 3, and 10, and maybe even ward 2. You believe that for civil matters, the territorial jurisdiction of the court is limited to the corporate limits of Monroe and the territory which used to comprise wards 3 and 10. You seek our opinion on the following question:
 For qualifying and election purposes for Division A and for the marshal and for jurisdiction over criminal matters, what area comprises the territorial jurisdiction of the court?
Your letter further states:
 Obviously, the language which causes the question, particularly for the area which used to comprise Ward 1 is `their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time'. It appears that extremely similar language regarding the territorial jurisdiction of courts created pursuant to general statutory authority in R.S. 13:1951 has been interpreted in Veillon v. Veillon, App. 3 Cir. 1987, 517 So.2d 941, as including the entire ward, not just the portion within the city.
In analyzing your questions, we restate R.S. 13:1951 and 1952, introductory paragraph and paragraph (15), which is specific to the Monroe City Court:
 . 1951. Courts created pursuant to general statutory authority
 Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section, are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time. (Emphasis added).
 1952. Courts created by special legislative Act
 The following city courts, heretofore created and established by special legislative Act, are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time:
 * * *
 (15)(a) The City Court of Monroe, domiciled in the city of Monroe, parish of Ouachita, having three city judges and a city marshal. Such city court judges may not practice law. The court shall be divided into three divisions, which shall be designated as divisions `A', `B', and `C'.
 (b) One judge, who shall preside over Division `A', shall be elected at large by the qualified electors of the territorial jurisdiction; one judge, who shall preside over Division `B', shall be elected by the qualified electors of an election district composed of Ward 10; and one judge, who shall preside over Division `C', shall be elected by the qualified electors of an election district composed of Ward 3. Candidates for election to Division `A', `B', or `C' need not be residents of the election districts from which they seek election, but they must be qualified electors of the territorial jurisdiction of the court.
 (c) In civil matters, the territorial jurisdiction of the court shall extend over all territory which is now or hereafter included within the corporate limits of the city of Monroe and throughout the third and tenth wards of the parish of Ouachita. (Emphasis added).
It is our opinion that R.S. 13:1952(15) is a specific law that providesotherwise, and thus, neither the general provisions of R.S. 13:1951 nor the introductory paragraph of R.S. 13:1952 apply to the City Court of Monroe. For informational purposes, R.S. 13:1952(15)(a) is a result of Act 728 of 1990, which was precleared on August 31, 1993 by the U.S. Department of Justice under the 1965 Voting Rights Act. Subparagraph (b) is a result of Act 644 of 1993, which was precleared on August 31, 1993 by the Justice Department. Subparagraph (c) is a result of Act 682 of 1992, which was also precleared on August 31, 1993.
In Veillon, supra which involved a tenant eviction proceeding, the tenant alleged that the Opelousas City Court did not have jurisdiction over him due to the fact that he was located on land outside of the Opelousas city limits in Ward 1. This issue was first ruled on by the city judge, where the court found that it had jurisdiction to hear the eviction proceeding. The tenant appealed the city court's unfavorable judgment to the Third Circuit Court of Appeal, which court affirmed the city court. The Third Circuit based its findings on R.S. 13:1951, which statute reads in pertinent part, "[t]heir territorial jurisdiction shall extend through the city and ward or wards wherein the city of theirdomicile is located, as extended from time to time". Id. at 945. The court did not expound on it's reason for finding that this language meant that territory within the ward, which was not annexed into the city, fell under the city court's territorial jurisdiction due to the fact that the city's boundaries included a portion of the ward.
Our office has for at least thirty years opined that when a city annexes even a portion of a ward, the jurisdiction and election boundaries of the city court extend throughout the ward. These past opinions are consistent with the Vellion case. Prior to 1980, our office opined that in this instance, the office of the justice of the peace ceased to exist as per R.S. 13:1872, which is the logical conclusion for the jurisdiction and election boundaries of the city court to extend throughout the ward. However, since the 1980 amendment to R.S. 13:1872
[Act 577 of 1980], which changed the law from the office of the justiceof the peace ceasing to exist to the jurisdiction of the justice of thepeace ceasing to exist only in that portion of the ward which was annexedinto the city, our opinions continued to interpret R.S. 13:1872, 1951 and 1952 to mean that the jurisdiction and election boundaries of the city court extended throughout the ward. This conclusion has resulted in the city court and the justice of the peace having concurrent jurisdiction in that portion of the ward which was not annexed into the city. Whether or not this conclusion was the intent of the Constitution and/or laws of this state is unclear. The writer herein can and has argued to the contrary, specifically in Attorney General Opinion Number 01-248 and 01-471 [which are being recalled in part and re-issued as 01-248(A) and 01-471(A) to be consistent with the conclusions expressed herein and save the issue for determination by either the judiciary or the legislature].
In response to your specific question, it is our opinion that R.S.13:1952(15) specifically provides for the territorial jurisdiction of the City Court of Monroe for all civil matters, and thus R.S. 13:1951 and the introductory paragraph of 1952 does not apply in this regard. The territorial jurisdiction with regard to civil matters is set forth as extending over all territory which is now or after 1992 included within the corporate limits of the city of Monroe and throughout the third and tenth wards of the parish of Ouachita. Thus, any annexations to the corporate limits of the City of Monroe since 1992, which have received approval from the U.S. Department of Justice for the purpose of increasing the territorial jurisdiction of the city court, and the territory that has historically made up the third and tenth wards of the parish of Ouachita, regardless of their new precinct designations, make up the territorial jurisdiction of the city court for all civil matters. Thus, the judge in Division A shall be elected at large by the qualified electors of the territorial jurisdiction as described in this paragraph.
With regard to your question as to the marshal for the City of Monroe, R.S. 13:1879 provides for the election of a marshal at the congressional election and R.S. 13:1880 provides for the qualifications as follows:
 A. (1) The marshal shall be a resident elector of the territorial jurisdiction of the court and shall possess a high school diploma or its equivalent
Thus, it is our opinion that qualifying and election for the office of marshal shall take place in the territorial jurisdiction of the city court, as described above. We understand that the old wards three (3) and (10) have been designated with new precinct designations; however, the territory that has historically comprised old wards (3) and (10), regardless of their new precinct designations, remains as the boundaries of the city court, along with the city limits as extended since 1992 and precleared.
With regard to the criminal jurisdiction of the City Court of Monroe, R.S. 13:1894 provides:
 A. The criminal jurisdiction of city courts is limited to the trial of offenses committed within their respective territorial jurisdictions which are not punishable by imprisonment at hard labor, including the trial of cases involving the violation of those offenses under state law, the violation of those offenses under a municipal or parochial ordinance adopted under the provisions of R.S. 14:143, and the violation of any other municipal or parochial ordinance.
 * * *
 (Emphasis added).
Since R.S. 13:1952(15) specifically provides for the territorial jurisdiction of the Monroe City Court as described above, it is our opinion that these boundaries are to be used in determining criminal jurisdiction of the court as well.
We hope this opinion addresses all of your concerns. If our office can be of additional assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Monroe Registrar of Voters New Iberia Registrar of Voters Alexandria Registrar of Voters Hon. W. Fox McKeithen Hon. Suzanne Haik Terrell